■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN ESPOSITO, Respondent.—Order, Supreme Court, New York County (Felice K. Shea, J.), entered on or about July 27, 1989, which, *inter alia,* dismissed counts 10, 33 and 39 of indictment No. 0544/89, charging defendant with official misconduct in violation of Penal Law § 195.00 (1), unanimously affirmed to the extent appealed from.

Defendant John Esposito was police chief of the Metro-North Railroad Company. He was indicted for various acts of alleged misconduct in office. In the order on appeal, Justice Shea dismissed three counts of the indictment charging the crime of official misconduct (Penal Law § 195.00). The first count here at issue, charging his use of the New York State Police Information Network for verifying the disposition of an earlier arrest by his office, pursuant to a release signed by the arrestee in connection with the latter's application for employment, was not an act of official misconduct as defined in the Penal Law. Nor is the substance of the other two counts, his use of the computer system, pursuant to request by his employer's attorneys in connection with the preparation of defenses in civil actions brought by two other subjects, such an act of official misconduct. Under the circumstances there is no demonstration that defendant knew such acts to be unauthorized, which is a necessary element of the crime charged.

In order to prove official misconduct, the People must demonstrate that the public servant so charged has acted with the intent to obtain a benefit for himself or another. The general definition of that term in Penal Law § 10.00 (17) is inadequate for this purpose. The automatic imposition of criminal sanctions in this case, based upon some ill-defined benefit to defendant's employer, does not satisfy the statutory requirements. *(See,* 1964 Staff Notes of Commn on Revision of Penal Law, at 371, referred to in Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 195.00, at 432.) Concur—Sullivan, J. P., Rosenberger, Asch, Ellerin and Smith, JJ.