THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. DOLAN, JR., Appellant.

Third Department, November 27, 1991

### APPEARANCES OF COUNSEL

*O'Connell & Aronowitz (Stephen R. Coffey* of counsel), for appellant.

*Paul Czajka, District Attorney (Henry Neal Conolly* of counsel), for respondent.

### OPINION OF THE COURT

WEISS, J.

In May 1991, a Grand Jury handed up a 21-count indictment against defendant, charging him with crimes allegedly committed during his tenure as Chief of Police in the City of Hudson, Columbia County. The first six counts, alleging interference with an investigation using an informant, and count 13, involving improper eavesdropping, were dismissed at the close of the People's case. Count 7, charging obstruction of governmental administration in the second degree, had been dismissed before the trial. Counts 12, 15, 17 and 20, charging conspiracies to obstruct governmental process, conspiracy to hinder prosecution and rewarding official misconduct, respectively, were dismissed at the close of evidence. Defendant was acquitted on count 10, coercion in the second degree, but convicted on the related counts 8 and 9, which charged defendant with compounding a crime and coercion in the second degree based upon his improper threats of prosecution against a suspect to cause that individual to become a confidential informant. Defendant was also convicted on count 11 of obstructing governmental administration in the second degree by intentionally having Hudson police interfere with undercover narcotics surveillance and investigation by another police agency; on counts 14 and 16 of obstructing governmental administration in the second degree and attempted hindering prosecution in the second degree by interfering with a controlled undercover narcotics purchase by another police

agency; on counts 18 and 19[1] of attempted bribery in the third degree and attempted bribe receiving in the third degree based upon defendant's threats to stop transporting the Sheriff's prisoners to and from the County Jail in turn for which the Sheriff would limit investigations by his department in Hudson; and on count 21 of obstructing governmental administration in the second degree by preventing criminal investigations by the Sheriff in Hudson by threatening to discontinue transportation of the Sheriff's prisoners to and from the County Jail. Defendant has appealed from the convictions on the eight counts.

■ Defendant first contends that Supreme Court erred in permitting the People to introduce evidence of prior bad acts and uncharged crimes by defendant, his friends and fellow police officers. This evidence was offered through the testimony of three witnesses. Daniel Grandinetti testified that he saw defendant use cocaine at a bar in 1986. Frances Magana testified that she told defendant about the frequent use of drugs by several Hudson police officers and a close friend of defendant. She further testified that she had seen a police sergeant and defendant's brother use drugs. The third witness, Investigator David Harrison, testified that defendant had told him that Felicia Prager reported that a specific Hudson police officer was a drug user and that Hudson police officers were her best customers. Harrison said that he reported this to the District Attorney. The court permitted the introduction of this evidence to show defendant's intent and motive to commit and benefit from the crimes alleged in the indictment. Motive and intent are probative of defendant's guilt and evidence thereof is legally admissible for such purposes *(People v Molineux,* 168 NY 264; *see, People v Ventimiglia,* 52 NY2d 350).[2] The record shows that Supreme Court properly weighed the probative value of the People's offer of proof against its potential for prejudice, and we find no error in the exercise of its discretion in admitting the testimony *(see, People v Hudy,* 73 NY2d 40, 55).

---

1. Although defendant was indicted in counts 18 and 19 for bribery in the third degree and bribe receiving in the third degree, these counts were submitted to the jury as attempted bribery and attempted bribe receiving.

2. We note that "benefit" is not included as one of the "situations" enumerated in *Ventimiglia* for which evidence of prior crimes is admissible *(People v Ventimiglia,* 52 NY2d 350, 359, *supra).* We need not determine the propriety of its use in this case since such benefit to defendant has not been proven *(see, People v Hyde,* 156 App Div 618, 624), as discussed later.

We next turn to defendant's contention that the evidence submitted on the charges bribe receiving, bribery and obstructing governmental administration (counts 18, 19 and 21) was inadequate, as a matter of law, to support the guilty verdict. The essence of the charges is that defendant offered to continue the practice of having Hudson police transport Sheriff's prisoners between court and the County Jail if the Sheriff would discontinue investigations by his department in Hudson, and his threat to discontinue the transportation if the Sheriff continued such investigations. The conversation with the Sheriff was secretly recorded by the prosecution and the authenticity of its content has not been disputed. Defendant avows his purpose for the proposed agreement was that the presence of Sheriff's patrols and the Sheriff's response to police calls within Hudson diminished the credibility and competence of his full-time police force and could eventually raise questions as to the need for its continued existence. He repeatedly stated in the conversation that if the Sheriff had the manpower to police Hudson, then he had the manpower to assume the transportation of prisoners, which had historically been provided by Hudson police as a courtesy to the Sheriff. The conversation made reference only to marked Sheriff's vehicles and the response to complaints from Hudson residents. The transcript, which was confirmed by the Sheriff to be accurate, contained no reference to unmarked vehicles, undercover operations or investigations. The Sheriff's generalized references to investigations in his trial testimony in effect expanded what was actually said and cannot be interpreted to mean that defendant sought to prevent undercover operations by Sheriff's Deputies.

The essence of both bribe receiving and bribery is a corrupt bargain (see, People v Alvino, 71 NY2d 233, 244) which results in some benefit with a personal nexus, in this case to the Sheriff (in bribery) or to defendant (in bribe receiving) (see, People v Hyde, 156 App Div 618, 623-624, supra; see also, People v Esposito, 144 Misc 2d 919, affd 160 AD2d 378, lv denied 76 NY2d 787). The acts contemplated here which theoretically would produce reciprocal benefits are, facially, legal acts between the Sheriff's Department and the Hudson Police Department (see, People v Esposito, 160 AD2d 378, 379, lv denied 76 NY2d 787, supra) and are not corrupt acts (see, People v Lang, 36 NY2d 366, 371). The corruption sought to be proven by the People through inferences and implication was a lessening of the possibility of discovery of alleged drug use

by defendant and his friends. That corruption was not alleged in the indictment as a benefit accruing to defendant. The alleged corruption must be something real, substantial and of value to the alleged recipients, as distinguished from something imaginary, illusive or amounting to nothing more than the gratification of a wish or hope *(People v Hyde, supra,* at 624). The gravamen of the crime of bribery is the wrong done to the People by corruption in public service *(People v Lafaro,* 250 NY 336, 342) which causes a public official to act corruptly in a matter to which he bears some official relation *(People v Herskowitz,* 41 NY2d 1094, 1096). These elements are missing here and a hidden motive to achieve an illusive corrupt desire attributed to defendant will not render an otherwise valid, discretionary agreement corrupt *(see, People v Esposito, supra,* at 379; *see also, People v Cavan,* 84 Misc 2d 510, 512).

■ The People contend that an agreement by the Sheriff to limit his activity within Hudson is improper per se. However, in view of the overlapping jurisdictions, effective deployment of manpower is a legitimate concern for both parties. Absent corruption, informal understandings and agreements do not constitute bribery or bribe receiving. Nor does threatening to cease cooperation in the deployment of manpower constitute obstruction of governmental administration. There is no basis found in this record to interject intimidation, physical force or interference into the conversation. Accordingly, we find that the convictions on counts 18, 19 and 21 must be reversed and these counts dismissed.

■ Defendant next contends that there was insufficient evidence to establish the charge of compounding a crime (count 8). He was charged with offering to withhold prosecution of an individual for criminal sale of a controlled substance in return for her agreement to become a confidential police informant. The People contend that defendant would benefit *(see,* Penal Law § 10.00 [17]; § 215.45 [1] [a]) by obtaining his own confidential informant with the personal (as compared to official) nexus that, through her association with the Sheriff's informants, the informant would disclose to defendant information about undercover Sheriff's operations relating to alleged personal drug usage by him and his friends. Not only does the record fail to support this personal nexus, but in any event such a benefit would be highly speculative and consist only of a remote wish or an illusive hope on his part *(see, People v Hyde, supra,* at 624). The

conviction on count 8 should therefore be reversed and that count dismissed.

■ Defendant has also challenged the sufficiency of the evidence on count 11, obstructing governmental administration in the second degree, which involved the intentional disruption of controlled drug purchases by the Capital District Drug Task Force. Defendant dispatched officers in two marked police cars and personally appeared in uniform at the scene of an undercover drug purchase in progress at the Hudson Amtrak train station. He contends that there is neither proof that he sent the police cars or that intimidation or physical force was involved. We disagree. Physical force or (physical) interference (Penal Law § 195.05) can consist of inappropriate and disruptive conduct at the scene of the performance of an official function (see, People v Case, 42 NY2d 98, 102). The arrival of the two police cars which had not been sent to the scene by the dispatcher, coinciding with defendant's personal arrival, sufficiently linked him to the disruptive conduct. These acts constituted a knowing, physical interference and disruption with an undercover police operation. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that defendant's guilt had been proven beyond a reasonable doubt (see, People v Bleakley, 69 NY2d 490, 494).

■ Defendant further contends that the People failed, as a matter of law, to prove attempted hindering of prosecution (count 16). The transaction in question was a controlled purchase of cocaine by a Columbia County Drug Task Force informant. The target was someone also under investigation by Hudson police, who had been informed of the imminent purchase as a professional courtesy. Acting on that information, defendant directed his men to arrest the target in the middle of the criminal transaction, causing its disruption and resulting in the informant's flight. It is clear that the intervention directed by defendant served no function other than an attempt to hinder and obstruct police efforts to prosecute the target (Penal Law § 205.50 [4]). Again, viewing the evidence in a light most favorable to the People, a rational trier of fact could have found defendant guilty beyond a reasonable doubt (see, People v Bleakley, supra).

■ Defendant has also challenged a series of evidentiary rulings which require but brief comment. When cross-examination of two police officers called by the prosecution exceeded the scope of the District Attorney's direct examination, the

officers became defense witnesses properly subject to impeachment by the People *(see, People v Maerling,* 64 NY2d 134, 141). Defendant has challenged the propriety of the prosecution calling Police Commissioner Richard Hallenbeck to testify that an individual had been hired as a police officer despite defendant's knowledge of her previous use of cocaine. Although the witness was unable to recollect the event or to give any relevant evidence, defendant has not shown that the People lacked a good-faith basis for calling Hallenbeck, and Supreme Court properly ordered that the testimony be stricken with appropriate instructions to the jury. Defendant also complained that he was deprived of *Rosario* material *(People v Rosario,* 9 NY2d 289, *cert denied* 368 US 866) when the original handwritten draft of an affidavit was destroyed after the affiant had executed the typed copy. The information had been directly transferred to a final typed version which was appropriately authenticated. There was no indication that the destruction of the unsigned draft was prejudicial to defendant *(see, People v Merchant,* 171 AD2d 887; *see also, People v Wallace,* 76 NY2d 953).

We have examined each of defendant's remaining arguments and find that none have merit or require further discussion.

MAHONEY, P. J., YESAWICH JR., LEVINE and HARVEY, JJ., concur.

Ordered that the judgment is modified, on the law, by reversing the convictions based upon counts 8, 18, 19 and 21 of the indictment; said counts of the indictment are dismissed; and, as so modified, affirmed.