■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL K. TARVER, Appellant.—Weiss, P. J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered October 11, 1990, upon a verdict convicting defendant of the crime of obstructing governmental administration in the second degree.

On the afternoon of October 4, 1989, Albany Police Officers Peter Manns and Eugene O'Hanlon were in pursuit of a person on Northern Boulevard in the City of Albany suspected of theft of an electric wheelchair. O'Hanlon succeeded in tackling the suspect and, while struggling to subdue him, defendant approached from behind in a threatening manner, cocking his arm as if to strike O'Hanlon. Manns intervened by first body-blocking defendant away from O'Hanlon and then struggled with him until assistance arrived. Defendant was charged with criminal possession of a weapon, obstructing governmental administration, resisting arrest and assault. Following a jury trial, he was acquitted of all charges except obstructing governmental administration in the second degree, on which count he was found guilty. Defendant has appealed.

Defendant contends that the prosecution failed to prove a *prima facie* case and that the evidence at trial was legally insufficient to establish the crime. He argues that because O'Hanlon was unaware of his presence and because he did not have physical contact with O'Hanlon, there was no actual interference, obstruction or prevention of the arrest of the suspect and, accordingly, his actions did not constitute obstructing governmental administration. We disagree. "Physical force or (physical) interference (Penal Law § 195.05) can consist of inappropriate and disruptive conduct at the scene of the performance of an official function" *(People v Dolan,* 172 AD2d 68, 75, *lv denied* 79 NY2d 946). The threatening approach by defendant toward the back of a police officer struggling to arrest a suspect necessitated another officer to divert his assistance in the arrest and intervene to protect his partner from apparent attack. These acts constituted a knowing, physical interference with and disruption of the official function (arrest) being performed by O'Hanlon *(see, supra; see also, People v Case,* 42 NY2d 98, 102). Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that defendant's guilt had been proven beyond a reasonable doubt *(see, People v Bleakley,* 69 NY2d

490, 495; *People v Contes,* 60 NY2d 620, 621). Our review of the records reveals that the conviction is amply supported by the weight of the evidence *(see, People v Bleakley, supra).*

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.