■ DOUGLAS A. WILLINGER et al., Appellants, v CITY OF NEW ROCHELLE et al., Respondents. [622 NYS2d 321] —In an action to recover damages, *inter alia,* for false arrest, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated September 30, 1992, which, upon a jury verdict in favor of the defendants and against them, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Douglas A. Willinger and his father, Warren J. Willinger, commenced this action against the City of New Rochelle and Police Officer Philip Isaia after Douglas was arrested by Officer Isaia for obstructing governmental administration in the second degree, tried, and acquitted of the less serious charge of harassment in the second degree. The charges arose from an incident in which 23-year-old Douglas was stopped because the car he was driving had an expired registration. According to Officer Isaia, Douglas refused to turn over the keys to the vehicle when asked to do so and became belligerent, slamming the police car door on the officer's leg and attempting to flee.

We reject the plaintiffs' contention that the question of whether there was probable cause for Douglas's arrest should

not have been submitted to the jury. Since there was conflicting testimony regarding whether Douglas slammed the police car door on the officer's leg and tried to flee, there was plainly a credibility issue for the jury to decide *(see, Parkin v Cornell Univ.,* 78 NY2d 523, 529; *Feldman v Town of Bethel,* 106 AD2d 695, 697).

The trial court did not err in its charge to the jury with respect to the definition of obstructing governmental administration. While the interference necessary to support a charge of obstructing governmental administration in the second degree pursuant to Penal Law § 195.05 must "be, in part at least, physical in nature" *(People v Case,* 42 NY2d 98, 102), inappropriate or disruptive conduct at the scene of the performance of an official function is within the ambit of the statute, even if there is no physical force involved *(see, People v Tarver,* 188 AD2d 938; *People v Dolan,* 172 AD2d 68, 75).

We find that the plaintiffs did not make the requisite showing of entitlement to a missing-witness charge with respect to Police Officer Finney, who arrived at the scene while Officer Isaia was attempting to handcuff Douglas. Officer Finney was not present during the disputed events leading to Douglas's arrest and, therefore, could not have had any knowledge about those events *(see, People v Kitching,* 78 NY2d 532).

While the trial court erred by allowing the jury to hear hearsay testimony regarding Officer Finney's state of mind, in view of the other evidence adduced at trial, the error was harmless, and the plaintiff's case was not prejudiced thereby *(see, Kutanovski v DeCicco,* 152 AD2d 540, 541; *Rodriguez v Board of Educ.,* 104 AD2d 978).

We have examined the plaintiffs' remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.