■ In the Matter of SAMUEL VV., a Person Alleged to be a Juvenile Delinquent, Appellant. SUSAN M. TATRO, as Albany County Attorney, Respondent. [629 NYS2d 843] —Cardona, P. J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered March 15, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

On December 9, 1993, respondent was at the scene of a large fight at the corner of Lark Street and Clinton Avenue in the City of Albany. Responding to a radio call, Albany Police Sergeant Kevin Breen arrived at the scene, went into the street and began moving a crowd of 30 to 40 people back away from some officers who were attempting to place an individual under arrest. Breen observed respondent come running through the crowd. Respondent grabbed Breen around his legs and pushed him against a patrol car. Although Breen told respondent several times to let him go, respondent refused. It was necessary for other police officers to pull respondent off of Breen.

Respondent was arrested and charged, in a juvenile delinquency petition, with committing an act which if committed by an adult would constitute the crime of obstructing governmental administration in the second degree (see, Penal Law § 195.05). Family Court found respondent guilty and adjudicated him a juvenile delinquent. Respondent was placed on probation for a period of one year and ordered to perform community service. Respondent appeals.

Initially, we note that respondent's challenge is directed at the merits of the underlying determination finding him guilty of obstructing governmental administration and not to that portion of the order of disposition which placed him on probation or ordered community service. Accordingly, we reject petitioner's contention that the appeal should be dismissed as moot because respondent's term of probation has expired (see generally, Matter of Karen F., 208 AD2d 994).

Turning to the merits, respondent contends that the evidence was legally insufficient to establish his guilt of obstructing governmental administration in the second degree. We dis-

agree. Physical force or interference (*see*, Penal Law § 195.05) includes "inappropriate and disruptive conduct at the scene of the performance of an official function" (*People v Dolan*, 172 AD2d 68, 75, *lv denied* 79 NY2d 946; *accord, People v Tarver*, 188 AD2d 938, *lv denied* 81 NY2d 893). The testimony credited by Family Court shows that Breen was engaged in an authorized police function, i.e., controlling a crowd to prevent injury to fellow officers who were attempting to effect an arrest, and that respondent's acts of holding on to him and refusing to let go despite repeated orders to do so constituted a knowing, physical interference which disrupted Breen's performance of an official function (*see, People v Tarver, supra*). Deferring to Family Court's resolution of credibility issues, the evidence is sufficient to establish respondent's guilt of obstructing governmental administration in the second degree.

We find no merit in respondent's remaining contentions. Mikoll, White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.