OPINION OF THE COURT
Carnell T. Foskey, J.
Defendant moves for an order dismissing the information pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a) upon the *878 grounds that the information is defective in that it doesn’t meet the requirements of CPL 100.40.
Defendant is charged with obstructing governmental administration in the second degree in violation of Penal Law § 195.05. This section provides: "A person is guilty of obstruct: ing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service.”
The information charging defendant with the aforementioned offense states in pertinent part: "The defendant did intentionally interfere with officers investigating an auto accident, by locking himself inside of his vehicle thereby not allowing investigating officers to carry out a routine equipment safety check on defendant’s vehicle’s brakes. Defendant stated to your deponent that the only way to get him out of his truck was to call emergency services to forcibly remove him. Investigating officers had to climb through rear door of truck to gain entry to the vehicle.”
In order for an information to be sufficient on its face, it must: substantially conform to the requirements prescribed in CPL 100.15, contain allegations of fact together with any supporting depositions which provide reasonable cause to believe that the defendant committed the offense charged and the information and/or supporting depositions must also contain nonhearsay allegations of fact which establish every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [a], [b], [c].)
The information is sufficient as it alleges that the officer was engaged in a specific official activity at the time defendant locked himself in his car (People v Joseph, 156 Misc 2d 192; Vehicle and Traffic Law § 1102). Furthermore, by alleging that defendant locked himself in his car, the element of "physical interference” is satisfied. (People v Stumpp, 132 Misc 2d 3.) The element of intent is also alleged by defendant’s statement alleged in the information.
Based upon the foregoing, the defendant’s motion is denied.