■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GARNETT, Appellant. [652 NYS2d 1001] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered January 13, 1995, convicting him of obstructing governmental administration, after a non-jury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contentions that the People did not prove his guilt beyond a reasonable doubt by legally sufficient evidence and that his conviction should be reversed because the police lacked probable cause to arrest his codefendant and because of a delay in turning over the police officers' notes (see, CPL 470.05 [2]).

In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's acts constituted a knowing, physical interference with, and disruption of, the official function being performed by the officers (see, Matter of Samuel VV., 217 AD2d 863; Matter of Carlos G., 215 AD2d 165; People v Tarver, 188 AD2d 938; see also, People v Case, 42 NY2d 98, 102). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

In addition, the police had probable cause to arrest the codefendant (see, People v Todaro, 26 NY2d 325, 329; Matter of Leonard D., 185 AD2d 315, 316; People v Brown, 116 AD2d 727, 728-729). Finally, the defendant failed to show substantial prejudice resulting from the People's delay in furnishing the police officers' notes (see, People v Martinez, 71 NY2d 937, 940; People v Ranghelle, 69 NY2d 56, 63; People v Leon, 186 AD2d 587). Miller, J. P., Santucci, Joy and Krausman, JJ., concur.