■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS A. ROMEO, Appellant. [779 NYS2d 860]—

Carpinello, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered April 16, 2003, which revoked defendant's probation and imposed a sentence of incarceration.

In July 2001, defendant was sentenced to five years' probation stemming from a felony driving while intoxicated conviction. Included among the terms and conditions of his probation were directives that he obey all laws and refrain from possessing or using any alcoholic beverages. On the night of March 1, 2003, defendant was a passenger in his girlfriend's vehicle when she was pulled over for running a red light and ultimately arrested for driving while intoxicated after failing field sobriety tests. During the course of this stop, defendant, who also exhibited signs of intoxication, initially refused to answer pedigree questions posed by one officer and acted in an uncooperative and belligerent manner.

At one point, two officers were attempting to transfer defendant's girlfriend from one police car to another when she became belligerent, uncooperative and struggled with them. As the officers attempted to subdue her, defendant kept approaching despite several requests by one of the officers that he stay

away and remain in a certain spot. After defendant repeatedly ignored the requests, he was arrested for, as relevant here, obstructing governmental administration in the second degree and resisting arrest. As a result of this incident, defendant was charged with violating probation and found guilty of same after a hearing. County Court revoked defendant's probation and imposed a prison sentence of 1⅓ to 4 years. Defendant appeals.

The preponderant evidence adduced at the hearing established that defendant violated the terms of his probation (*see* CPL 410.70 [3]). First, defendant readily admitted that he consumed alcohol on the day in question and that such conduct was prohibited under the terms of his probation (*see* CPL 410.70 [2]). This admission was itself a sufficient basis for County Court's finding that defendant violated his probation (*see People v Meyer*, 1 AD3d 721 [2003], *lv denied* 1 NY3d 631 [2004]; *People v Defayette*, 241 AD2d 761, 762 [1997], *lv denied* 90 NY2d 939 [1997]). Moreover, evidence that defendant was belligerent, uncooperative and refused several direct requests that he keep away from the officers as they attempted to subdue his girlfriend was sufficient to establish the crime of obstructing governmental administration in the second degree (*see e.g. People v Tarver*, 188 AD2d 938 [1992], *lv denied* 81 NY2d 893 [1993]).

To this end, we note that interference sufficient to establish this crime "includes 'inappropriate and disruptive conduct at the scene of the performance of an official function' " (*Matter of Samuel VV.*, 217 AD2d 863, 864 [1995], quoting *People v Dolan*, 172 AD2d 68, 75 [1991], *lv denied* 79 NY2d 946 [1992]), "even if there is no physical force involved" (*Willinger v City of New Rochelle*, 212 AD2d 526, 527 [1995]; *accord Matter of Joshua C.*, 289 AD2d 1095 [2001]). Here, the officers were clearly engaged in authorized conduct (i.e., attempting to subdue and transfer an arrested person from one police vehicle to another) (*cf. People v Lupinacci*, 191 AD2d 589 [1993]) when defendant repeatedly ignored orders that he remove himself from the situation. This conduct was sufficient to establish that he committed the crime of obstructing governmental administration in the second degree (*see Matter of Joshua C., supra*).

Defendant's remaining contentions, to the extent preserved for this Court's review, have been considered and found to be unavailing.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.