OPINION OF THE COURT
Memorandum.
Judgment convicting defendant of forgery in the third degree unanimously reversed on the law and in the interest of justice, and matter remanded for a new trial as to said charge.
Judgment convicting defendant of obstructing governmental administration in the second degree unanimously reversed on the law and accusatory instrument charging said offense dismissed.
In July 2000, defendant was charged with disorderly conduct and resisting arrest. During the processing of his arrest, defendant signed the name of “Vincent Bencini” to his fingerprint cards which were subsequently sent to Albany. When the results came back the next morning, they indicated that defendant’s legal name was “Vincent Anzisi.” Defendant was then charged, in separate accusatory instruments, with forgery in the third degree and obstructing governmental administration in the second degree. Defendant was tried on all charges in 2001, after which he was acquitted on the resisting arrest and disorderly conduct charges and convicted on the forgery and obstructing governmental administration charges. The forgery and obstruction convictions, however, were later set aside. Defendant was retried on these charges, was again convicted, and now appeals from that conviction. The evidence adduced at trial indicates that defendant was born with the name “Vincent Bencini” but his name was legally changed to “Vincent Anzisi” when he was 13 years old. Defendant and his mother testified that defendant *87 used both names. Defendant also testified, inter alia, that he told the police officer that his name was “Vincent Anzisi” and the officer told him to sign the blank fingerprint cards with the name of “Vincent Bencini.” The police officer testified, inter alia, that defendant told him that his name was “Vincent Bencini,” he referred to defendant as Bencini throughout his arrest processing, and he did not tell defendant to sign the cards “Vincent Bencini.”
Penal Law § 170.05 defines forgery in the third degree as follows: “A person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument.” A review of the record indicates that the trial court instructed the jury that it could convict defendant of forgery in the third degree if it found, beyond a reasonable doubt, that defendant “did sign the name of Vincent Bencini on six official fingerprint cards when, in fact, his name was Vincent Anzisi.” It is uncontroverted that defense counsel did not object to the court’s instructions. Nevertheless, we choose to review this issue in the interest of justice (see CPL 470.15 [3] [c]) since the jury, hearing the whole charge, would not gather from its language the correct rules which should be applied in arriving at its decision (see e.g. People v Ladd, 89 NY2d 893, 895 [1996]; People v Russell, 266 NY 147, 153 [1934]). Inasmuch as the court did not instruct the jury as to the statutory language for forgery in the third degree (cf. People v Samuels, 99 NY2d 20, 25 [2002]), and clearly failed to mention the intent element, we find that the instructions provided by the trial court herein did not convey the appropriate legal standard to the jury. Defendant was thus deprived of his fundamental constitutional right to a fair trial. Accordingly, his conviction of forgery in the third degree is reversed, and the matter is remanded for a new trial as to said charge.
Penal Law § 195.05 defines obstructing governmental administration in the second degree as follows:
“A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, *88 telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor’s intent that the animal obstruct governmental administration.”
A review of the record indicates that the obstructing governmental administration charge herein was premised upon defendant’s act of signing the fingerprint cards with the name “Vincent Bencini.” However, we find that such an act does not support a charge of obstructing governmental administration in the second degree. In the case at bar, the specific governmental function the police officer was carrying out when defendant signed the cards was to complete the relevant portions of the cards so that defendant’s fingerprints could be sent to Albany to be checked in the state database. Regardless of the name defendant used to sign the cards, defendant’s fingerprints were taken and the cards, in any event, would have been sent to Albany. Thus, we find under the circumstances herein that by signing the cards with the name of “Vincent Bencini,” defendant did not obstruct, impair or pervert the administration of law or other governmental function, and by such conduct defendant did not prevent, or attempt to prevent, the officer from performing an official function by means of intimidation, physical force or interference, or by means of any independently unlawful act. Although defendant’s conduct may have been inappropriate, such conduct was not shown to be disruptive (see People v Tarver, 188 AD2d 938 [1992]; People v Dolan, 172 AD2d 68, 75 [1991], lv denied 79 NY2d 946 [1992]). For example, the People did not allege that defendant’s failure to provide a correct name slowed down his arrest processing, or that bail would have been set, or set differently, if they had his correct name earlier, or that an outstanding warrant could not be executed because of the misinformation defendant provided. Accordingly, defendant’s conviction for obstructing governmental administration in the second degree is reversed and the accusatory instrument charging said offense is dismissed. We pass on no other issue.
Rudolph, EJ., McCabe and Tanenbaum, JJ., concur.