■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL GRAHAM, Appellant. [865 NYS2d 259]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Loehr, J.), rendered January 8, 2007, convicting him of criminal possession of a controlled substance in the fourth degree, obstructing governmental administration in the second degree, resisting arrest, and aggravated unlicensed operation of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal

brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On September 4, 2005, at approximately 3:30 A.M., a police officer observed a vehicle make a left turn at a high rate of speed without stopping at a stop sign or using the turn signal. He followed the vehicle until it stopped at an intersection, and two passengers got out and walked away. The defendant, who had been driving, got out and appeared to be attempting to release the hood of the vehicle. The officer stopped the defendant and instructed him to get back into the vehicle, but the defendant did not comply. The officer, who was joined by another officer, asked the defendant for his license and registration, but the defendant produced only an "inmate release card" from a correctional facility. The officer then radioed his dispatcher with the defendant's name and the license plate of the vehicle to check the status of the defendant's license and the vehicle's registration.

While the officer was waiting to hear back from the dispatcher, the defendant became belligerent, cursed at the officer, and repeatedly walked into the opposite lane of traffic and back again. These actions made the officer nervous, and he told the defendant to sit on the front of the patrol vehicle. The defendant sat down briefly, then stood up and walked away again, yelling profanities. The officer repeated the order to sit on the car, and the defendant complied, then disobeyed, two more times. The defendant's actions, and the unknown whereabouts of the passengers who had walked away, caused the officer to be concerned for his safety and that of his fellow officer. The officer told the defendant to place his hands on the patrol car so he could pat the defendant down for weapons. The defendant initially complied, but removed his hands from the car as soon as the officer touched his waist area. After the defendant repeatedly refused to keep his hands on the car, the officers informed him that he was under arrest.

While the officers were attempting to handcuff the defendant, he broke free, and began swinging the handcuffs, which were attached to only one of his hands, around like a weapon. The officers eventually managed to handcuff the defendant and performed a search incident to arrest. They recovered 24 bags of crack cocaine, 12 bags of marijuana, and $204 in cash from the defendant's front left pants pocket. The defendant moved to suppress the drugs.

"On a motion to suppress physical evidence, the People bear

the burden of going forward to establish the legality of police conduct in the first instance" (*People v Hernandez*, 40 AD3d 777, 778 [2007]). Resolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]). Contrary to the defendant's contention, the decision of the County Court to credit the testimony of the police officer involved was clearly supported by the record.

The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred (*see Whren v United States*, 517 US 806, 810 [1996]; *People v Robinson*, 97 NY2d 341, 348-349 [2001]; *People v Sluszka*, 15 AD3d 421, 423 [2005]). A traffic stop constitutes a limited seizure of the person of each occupant (*see People v May*, 81 NY2d 725, 727 [1992]; *People v Harrison*, 57 NY2d 470, 476 [1982]). For a traffic stop to pass constitutional muster, the officer's action in stopping the vehicle must be justified at its inception and the seizure must be reasonably related in scope, including its length, to the circumstances which justified the detention in the first instance (*see United States v Sharpe*, 470 US 675, 682 [1985]).

Here, the officer's observation of traffic infractions justified the initial stop and gave him "the right to ask questions relating to the defendant's destination, to request that he produce his license and registration, and to ask him to stand by momentarily pending further investigation" (*People v Leiva*, 33 AD3d 1021, 1022 [2006]). While the officer was awaiting information from his dispatcher concerning the status of the defendant's license and vehicle registration, the defendant became belligerent and uncooperative, and refused several direct requests to remain standing or seated in one place. This inappropriate and disruptive conduct at the scene of the performance of an official function gave the officer probable cause to arrest the defendant for obstructing governmental administration in the second degree (*see* Penal Law § 195.05; *People v Sowell*, 25 AD3d 386 [2006]; *People v Romeo*, 9 AD3d 744, 745 [2004]; *Willinger v City of New Rochelle*, 212 AD2d 526, 527 [1995]). At that point, the officer was authorized to search the defendant incident to a lawful arrest, and a pat-down for weapons was reasonably necessary under the circumstances to protect the officers (*see People v Gokey*, 60 NY2d 309, 312 [1983]; *People v Hernandez*, 40 AD3d 777, 778-779 [2007]; *People v Cooper*, 38 AD3d 678, 680 [2007]). Therefore, the County Court properly denied the defendant's motion to suppress the physical evidence. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.