OPINION OF THE COURT
Mario F. Mattei, J.
“As public servants, the police perform the lion’s share of services expected of local government. Among other functions, the police in a democratic society are charged with the protection of constitutional rights, the maintenance of order, the control of pedestrian and vehicular traffic, the mediation of domestic and other noncriminal conflicts and supplying emergency help and assistance” (People v De Bour, 40 NY2d 210, 218 [1976]).
The defendant was arraigned on March 29, 2011 and charged with obstruction of governmental administration in the second degree (Penal Law § 195.05), disorderly conduct (Penal Law § 240.20 [1]) and resisting arrest (Penal Law § 205.30).
The factual portion of the accusatory instrument states, in sum and substance, that on March 28, 2011, at about 2:00 p.m., inside New Dorp High School, the defendant was in the hallway without a pass while class was in session and that the deponent, a school safety agent, ordered the defendant to leave the hallway and go to class several times. The defendant refused to comply and instead cursed at the deponent, yelling “F*** you, I’m not going anywhere, I’ll F*** you up,” while flailing his arms at *466 school safety officers. The accusatory instrument alleges further that these actions caused a crowd of more than 10 students to form and that when the school safety officer attempted to arrest the defendant he refused to be handcuffed and flailed his arms, hitting the school safety officer in the face and on his body.
The defendant has filed a motion requesting that the court dismiss all charges for facial insufficiency pursuant to CPL 140.45 and 170.30, contending that the accusatory instrument does not sufficiently plead all the elements of Penal Law § 195.05, Penal Law § 205.30, and Penal Law § 240.20 (1), respectively. The defendant’s main contention is that there was no governmental action or function obstructed by the defendant. The People have submitted a response in opposition.
It is the court’s opinion that the sentiment expressed by the Court of Appeals in De Bour applies equally to school safety agents in the performance of their jobs in New York City’s public schools and that as public servants the performance of the duties and tasks associated with their functions as school safety agents and peace officers is an official function and therefore the allegations sufficiently plead every element of the offenses charged.
The procedural requirements for the factual portion of a local criminal court information are, simply: that it state
“ ‘facts of an evidentiary character supporting or tending to support the charges’ (CPL 100.15 [3]; see, CPL 100.40 [1] [a]); that the ‘allegations of the factual part. . . together with those of any supporting depositions . . . provide reasonable cause to believe that the defendant committed the offense charged’ (CPL 100.40 [1] [b]); and that the ‘Mon-hearsay allegations [of the information and supporting depositions] establish, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c]; see, CPL 100.15 [3])” (People v Casey, 95 NY2d 354, 360 [2000]).
For purposes of facial sufficiency, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense,” the court should give the pleadings “a fair and not overly restrictive or technical reading.” (People v Casey at 360.)
A person is guilty of obstruction of governmental administration when “he intentionally obstructs, impairs or perverts the *467 administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference” (Penal Law § 195.05).
School safety agents are charged with maintaining safety and order in the public schools of New York and as such students must comply with their directives.
“Activities such as refusing to obey orders . . . , physically resisting arrest. . . , interfering with the arrest of another . . . , or assaulting a police officer . . . are all typical acts that are properly charged as obstructing governmental administration. The commonality in these offenses is an intentional insertion of one’s self or one’s intentions into steps taken by police officers to fulfill their duties” (People v Beam, 22 Misc 3d 306, 310 [2008]; see also People v Barrett, 179 Misc 2d 261 [Crim Ct, Bronx County 1998]; Matter of Joshua C., 289 AD2d 1095 [4th Dept 2001]; People v Tarver, 188 AD2d 938 [3d Dept 1992]; Willinger v City of New Rochelle, 212 AD2d 526 [2d Dept 1995]).
Where, as here, the allegations include failing to follow legitimate orders, remaining in a prohibited area, cursing, and aggressive and threatening behavior coupled with the flailing of arms which result in physical contact to the person of a school safety agent inside a public high school, the People have amply met their burden with regards to both the “reasonable cause” and “prima facie” case requirements of facial sufficiency (People v Kalin, 12 NY3d 225 [2009]), since at the pleading stage all that is needed is that the factual allegations be sufficiently evidentiary in character and tend to support the charges (People v Allen, 92 NY2d 378 [1998]; see also CPL 100.15 [3]; 100.40 [1]; People v Casey, People v Kalin).
Similarly, the remaining charges of disorderly conduct and resisting arrest have been pleaded sufficiently.
Under Penal Law § 240.20 (1), a defendant is guilty of disorderly conduct if “[h]e engages in fighting or in violent, tumultuous or threatening behavior.” The defendant’s act of flailing his arms while shouting expletives and threatening to beat up the school safety agent are acts which can clearly be characterized as violent, tumultuous and threatening. And, while there is no per se requirement that members of the public must be involved or react to the defendant’s actions (People v Weaver, 16 NY3d 123, 128 [2011]), here the allegations insinu *468 ate that a crowd of students gathered as a result (see People v Munafo, 50 NY2d 326 [1980]).
As for the charge of resisting arrest the factual allegations are straightforward and since it has been determined that the defendant’s arrest was authorized that count is also facially sufficient. Accordingly, it is hereby, ordered, the defendant’s motion to dismiss for facial insufficiency is denied.