The People of the State of New York, Respondent,
against
Hector Feliciano, Appellant.



Appeal from a judgment of the District Court of Suffolk County, First District (Derrick J. Robinson, J.), rendered June 17, 2014. The judgment convicted defendant, upon a jury verdict, of obstructing governmental administration in the second degree, resisting arrest, and criminal impersonation in the second degree.




ORDERED that the judgment of conviction is affirmed.
The People charged defendant with obstructing governmental administration in the second degree (Penal Law § 195.05), resisting arrest (Penal Law § 205.30), criminal impersonation in the second degree (Penal Law § 190.25 [1]), and false personation (Penal Law § 190.23). At a jury trial, two Suffolk County investigators testified that when they arrived at the home occupied by defendant's parents to serve summonses for code violations, defendant approached them before they had exited their vehicle. After they identified themselves and stated their purpose, defendant behaved in so belligerent and intimidating a manner that the investigators, fearing for their safety if they attempted to serve the summonses, called 911 to request police assistance. The three responding police officers testified that defendant, who refused to identify himself, continued his confrontational manner. They eventually escorted the investigators to the door, where the investigators affixed the summonses. Notwithstanding a police directive that he refrain from interfering with the service of the summonses, defendant "ripped" them from the door and brought them into the house. The police followed defendant and arrested him after a physical confrontation that ended only when defendant had been repeatedly tasered. En route to a hospital, when defendant was asked to identify himself, he repeatedly gave his father's name and a false date of birth, and later repeated the deception even after being warned that providing false information could subject him to criminal charges.
Following the trial, the jury found defendant guilty of obstructing governmental administration in the second degree, resisting arrest, and criminal impersonation in the second degree, and acquitted him of false personation. Defendant appeals and we affirm.
Contrary to defendant's contention on appeal, the trial proof was legally sufficient to support the convictions of obstructing governmental administration in the second degree and of resisting arrest for that offense. Criminal responsibility for obstructing governmental administration in the second degree "attach[es] to minimal interference set in motion to frustrate police activity" (Matter of Davan L., 91 NY2d 88, 91 [1997]), and while verbal interference [*2]alone may not satisfy the statute's "physical" component (People v Case, 42 NY2d 98, 102 [1977]), " inappropriate and disruptive conduct at the scene of the performance of an official function' " suffices to establish the offense (People v Romeo, 9 AD3d 744, 745 [2004], quoting Matter of Samuel VV., 217 AD2d 863, 864 [1995]; see also People v Covington, 18 AD3d 65, 71 [2005]; Willinger v City of New Rochelle, 212 AD2d 526, 527 [1995]). Thus, for example, a refusal by a "belligerent" and "uncooperative" person to "either remain calm and quiet or leave the area" of police activity constitutes obstructing governmental administration in the second degree (People v Baltes, 75 AD3d 656, 659 [2010]), as does an "aggressive[]" approach to police officers arresting another "in a belligerent manner with raised hands despite their repeated directives to stay away" (Matter of Isaiah C., 96 AD3d 617, 618 [2012]; see also People v Graham, 54 AD3d 1056, 1058 [2008]; People v Tarver, 188 AD2d 938, 938 [1992]). The trial proof sufficed to establish that defendant was aware that the investigators were present to perform an official function, that his belligerent and threatening behavior towards them was intended to deter them from carrying out that function, and that the intimidation in fact so interfered with the exercise of that function that the investigators sought police assistance both to ensure their personal safety and to perform that function. Defendant compounded the obstruction by removing the affixed summonses notwithstanding an official directive that he not interfere with the posting. Consequently, we find that the evidence was legally sufficient to support the conviction of obstructing governmental administration in the second degree.
Defendant does not challenge the legal sufficiency of the evidence to establish that he physically resisted his arrest; rather, he argues that there was insufficient proof that the arrest was authorized, that is, that he committed the underlying offense of obstructing governmental administration in the second degree. The standard of review in this context is not whether there was proof beyond a reasonable doubt that defendant committed the underlying offense, only that there was probable cause to arrest him for that offense (see People v Peacock, 68 NY2d 675, 677 [1986]; Matter of Kalexis R., 85 AD3d 927, 928 [2011]; People v Myrick, 10 Misc 3d 138[A], 2005 NY Slip Op 52197[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]), and we find the proof legally sufficient to establish that his arrest was lawful.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we find that the jury's verdict was amply supported by the credible evidence (see People v Romero, 7 NY3d 633 [2006]). There were several witnesses who testified to defendant's conduct with the investigators before the police arrived, defendant's removal of the posted summonses, and his resisting arrest and his falsely identifying himself as another person to police officers. We note that "the intent to obtain a benefit" element of Penal Law § 190.25 (1) "may consist of the desire to avoid apprehension or prosecution" (People v Chive, 189 Misc 2d 653, 656 [Crim Ct, Queens County 2001]; see also People v Golb, 23 NY3d 455, 465 [2014]; People v Sherman, 116 Misc 2d 109, 110 [Rochester City Ct 1982]).
We have considered defendant's remaining claims of error and find them unpreserved (see People v Satloff, 56 NY2d 745, 746 [1982]; People v Jackson, 101 AD3d 1153 [2012]), without merit (see People v Spencer, 20 NY3d 954, 956 [2012]; People v Aska, 91 NY2d 979, 981 [1998]; People v Alnutt, 101 AD3d 1461, 1465 [2012]; People v Delarosa, 84 AD3d 832, 834 [2011]), or harmless as against overwhelming proof of guilt (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Watkins, 63 AD3d 1656, 1657 [2009]).
Accordingly, the judgment of conviction is affirmed.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: September 20, 2016