The People of the State of New York, Respondent,
against
Donald Williams, Appellant.



New York City Legal Aid Society, Sheilah Fernandez, Esq., for appellant.
Queens County District Attorney, Nancy Fitzpatrick Talcott, Esq., for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Gene R. Lopez, J.), rendered March 23, 2012. The judgment convicted defendant, upon a jury verdict, of obstructing governmental administration in the second degree, driving while intoxicated (per se), driving while intoxicated (common law), and driving without headlights illuminated. The appeal from the judgment of conviction brings up for review an order of the same court dated April 25, 2011 denying defendant's suppression motion.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with obstructing governmental administration in the second degree (Penal Law § 195.05), driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), driving without headlights illuminated (Vehicle and Traffic Law § 375 [2] [a] [1]), and driving without a valid license (Vehicle and Traffic Law § 509 [2]). Defendant requested a suppression hearing. After hearing the testimony of the arresting officer, defendant, and two witnesses who testified on defendant's behalf, the Criminal Court, in a decision and order dated April 25, 2011, credited the testimony of the officer and denied defendant's suppression motion.
Following a jury trial, defendant was found guilty of obstructing governmental administration in the second degree, driving while intoxicated (per se), driving while intoxicated (common law), and driving without headlights illuminated, and not guilty of driving without a valid license. On appeal, defendant contends that his suppression motion should have been granted since he demonstrated at the hearing that the stop of his vehicle was unlawful as he was operating it with its headlights on; that the accusatory instrument was facially insufficient as to the counts charging him with obstructing governmental administration in the second degree and driving while intoxicated (common law); that the evidence at trial was legally insufficient as to these same two counts; and that the verdict was against the weight of the evidence.
The determination of the hearing court, on a motion to suppress, must be accorded great weight on appeal because of the hearing court's ability to observe and assess the credibility of the witnesses (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Coleman, 306 AD2d 941 [*2][2003]; People v Pincus, 184 AD2d 666 [1992]). Thus, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the hearing court and its findings should not be disturbed unless clearly erroneous or unsupported by the record (see Prochilo, 41 NY2d at 761; People v Cleveland, 257 AD2d 689 [1999]; People v Gagliardi, 232 AD2d 879 [1996]).
Here, we find no basis to disturb the hearing court's determination to credit the arresting officer's testimony at the hearing that he pulled defendant over after observing defendant's vehicle driving late at night without its headlights on. Although defendant and two witnesses testified that the vehicle's headlights had been on, the hearing court found their testimony to be "contrived and false," based upon its observations of those witnesses' demeanor while testifying and "the substantive import of their testimonies," particularly in light of the fact that all three witnesses had previously been arrested and had a history of lying to the police. These findings by the hearing court are supported by the record and therefore should not be disturbed on appeal (see Prochilo, 41 NY2d at 761; People v Cox, 54 AD3d 684 [2008]; People v Perkins, 177 AD2d 720 [1991]). Consequently, we agree that the officer lawfully stopped defendant's vehicle as he had probable cause to believe that defendant had violated Vehicle and Traffic Law § 375 (2) (a) (1) (see People v Robinson, 74 NY2d 773 [1989]; People v Richardson, 2 AD3d 175 [2003]; People v Tittensor, 244 AD2d 784 [1997]; People v Williams, 137 AD2d 569 [1988]).
In light of the heightened dangers faced by investigating police officers during traffic stops, a police officer may, as a precautionary measure and without particularized suspicion, direct the occupants of a lawfully stopped vehicle to step out of the car (see People v Garcia, 20 NY3d 317 [2012]; People v Graves, 142 AD3d 559 [2016]). Here, prior to ordering defendant out of the vehicle, the officer detected a strong odor of alcohol emanating from the vehicle and observed defendant's slurred speech and bloodshot eyes. Thus, the officer clearly had a right to order defendant out of the vehicle. Moreover, in view of the foregoing, the officer also had probable cause to believe that defendant was driving while impaired or intoxicated. Consequently, when defendant refused to exit the vehicle, the officer was justified in removing him from it, and had probable cause to arrest defendant for a violation of Penal Law § 195.05 and Vehicle and Traffic Law § 1192 (see People v Cruz, 48 NY2d 419, 427 [1979]; Tittensor, 244 AD2d 784; People v Sentikael, 32 Misc 3d 1237[A], 2011 NY Slip Op 51620[U] [Crim Ct, Kings County 2011]).
Since defendant did not waive prosecution by information, the facial sufficiency of the accusatory instrument must be evaluated under the standards which govern the sufficiency of an information as set forth in CPL 100.40 (1) (see People v Kalin, 12 NY3d 225, 228 [2009]). Courts reviewing accusatory instruments for facial sufficiency should give the instrument "a fair and not overly restrictive or technical reading," and they are facially sufficient "[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense" (People v Casey, 95 NY2d 354, 360 [2000]).
Pursuant to Penal Law § 195.05, "[a] person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any [*3]independently unlawful act . . . ." If the allegation contained in an accusatory instrument is that the defendant prevented or attempted to prevent a public servant from performing an official function by means of interference, as opposed to by means of intimidation or physical force, "[u]nder the express provisions of the statute, the interference would have to be, in part at least, physical in nature" (People v Case, 42 NY2d 98, 102 [1977]). However, the Court of Appeals has also held that "criminal responsibility should attach to minimal interference set in motion to frustrate police activity" (Matter of Davan L., 91 NY2d 88, 91 [1997]; see also People v Dumay, 23 NY3d 518, 524 [2014]). Moreover, interference "can consist of inappropriate and disruptive conduct at the scene of the performance of an official function" (People v Dolan, 172 AD2d 68, 75 [1991]; see also People v Romeo, 9 AD3d 744 [2004]; Matter of Joshua C., 289 AD2d 1095 [2001]; Willinger v City of New Rochelle, 212 AD2d 526 [1995]). Here, the information alleged that the arresting officer observed defendant operating a motor vehicle late at night without its headlights on. The instrument sufficiently alleged that the officer was performing an authorized governmental function by instituting a traffic stop after having observed defendant commit a traffic infraction. The instrument also alleged that the officer had observed defendant exhibiting indicia of impairment or intoxication. When asked by the officer to exit the vehicle, defendant refused and, instead, locked the vehicle's doors. The information further alleged that the officer had to reach in to unlock the door and physically remove defendant from the vehicle. Thus, the instrument supported a reasonable inference that defendant had prevented or attempted to prevent the officer from performing an official function by means of interference (see People v Stumpp, 132 Misc 2d 3 [App Term, 2d Dept, 9th & 10th Jud Dists 1986]; Sentikael, 32 Misc 3d 1237[A], 2011 NY Slip Op 51620[U]; People v Salter, 167 Misc 2d 877 [Dist Ct, Nassau County 1996]). Moreover, defendant's intent to interfere can be inferred from his alleged actions and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]; People v Joseph, 156 Misc 2d 192, 193 [Crim Ct, Kings County 1992]; People v Traynham, 95 Misc 2d 145 [Crim Ct, NY County 1978]). Consequently, the information was facially sufficient as to the count charging defendant with obstructing governmental administration in the second degree.
Vehicle and Traffic Law § 1192 (3) allows for a circumstantial showing of an inability to operate a motor vehicle while under the influence of alcohol (see People v Litto, 8 NY3d 692, 705 [2007). Moreover, contrary to defendant's contention, there is no requirement that the information contain an allegation of erratic driving (see People v Fiumara, 116 AD3d 421 [2014]). The allegations in the information that the officer observed defendant operating his vehicle late at night without its headlights on, that defendant had bloodshot watery eyes, slurred speech, a strong odor of alcoholic beverage on his breath, and that he was unsteady on his feet as he exited the vehicle, coupled with the results of an intoxilyzer exam, which indicated that defendant had a .124 of one percent or more by weight of alcohol in his blood, support a reasonable inference that defendant lacked the physical and mental ability to drive as a reasonable and prudent driver due to alcohol consumption (see People v Granda-Vintmill, 41 Misc 3d 135[A], 2013 NY Slip Op 51879[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Hussain, 40 Misc 3d 132[A], 2013 NY Slip Op 51136[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Consequently, the information was facially sufficient as to the count charging defendant with driving while intoxicated (common law).
Defendant also contends that the evidence presented at trial was legally insufficient to [*4]establish his guilt of obstructing governmental administration in the second degree and driving while intoxicated (common law). However, these challenges to the legal sufficiency of the evidence are not preserved for appellate review since he failed to raise these same contentions with specificity before the Criminal Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, as to the count of obstructing governmental administration in the second degree, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it establishes that the arresting officer was performing an authorized governmental function. The officer instituted a traffic stop after having observed defendant commit a traffic infraction. Thereafter, instead of complying with the officer's order to exit the vehicle (see Garcia, 20 NY3d 317; Graves, 142 AD3d 559), defendant locked himself in the vehicle and grabbed onto the steering wheel. These physical actions on the part of defendant constituted interference, thereby requiring the officer to forcefully remove him from the vehicle. Consequently, defendant's guilt of obstructing governmental administration in the second degree was proven beyond a reasonable doubt (see People v Graham, 54 AD3d 1056 [2008]; People v Covington, 18 AD3d 65 [2005]; Romeo, 9 AD3d 744).
Additionally, viewing the evidence in the light most favorable to the prosecution (see Contes, 60 NY2d 620), we find that there is a valid line of reasoning and permissible inferences from which a rational trier of fact could have determined that defendant's guilt of driving while intoxicated (common law) was proven beyond a reasonable doubt (see People v Velasquez, 65 AD3d 1266 [2009]; People v Lee, 275 AD2d 995 [2000]). Moreover, contrary to defendant's contention, the fact that the officer had not observed anything improper in the manner in which defendant drove his vehicle, aside from his observation that the vehicle's headlights were not illuminated, was merely one factor for the trier of fact to consider in determining whether defendant was intoxicated; there were, however, sufficient other factors adduced which established defendant's guilt of common-law driving while intoxicated (see People v Shank, 26 AD3d 812 [2006]; People v Kane, 240 AD2d 516 [1997]; People v Ritgers, 158 AD2d 628 [1990]).
Finally, upon a review of the record, we find no basis to disturb the jury's credibility determinations and, as a result, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2007]; People v Mateo, 2 NY3d 383, 410 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]).
Accordingly, the judgment of conviction is affirmed.
Solomon, J.P., Pesce and Elliot, JJ., concur.
Decision Date: April 12, 2017