People v Adair (2019 NY Slip Op 08292)





People v Adair


2019 NY Slip Op 08292


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


868 KA 17-00654

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LUTHER ADAIR, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE, DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered February 24, 2017. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree, obstructing governmental administration in the second degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]), obstructing governmental administration in the second degree (§ 195.05), and resisting arrest (§ 205.30). We affirm.
Viewing the evidence in light of the elements of criminal contempt in the first degree as charged to the jury, we reject defendant's contention that the verdict convicting him of that crime is against the weight of the evidence with respect to the element of intent (see generally People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant's own trial testimony concerning the incident was largely consistent with the victim's account, and the jury was entitled to infer the requisite intent from that testimony.
We reject defendant's further contention that his conviction of obstructing governmental administration in the second degree is unsupported by legally sufficient evidence, and we are not bound by the People's incorrect concession to the contrary (see People v Berrios, 28 NY2d 361, 366-367 [1971]; People v Colsrud, 144 AD3d 1639, 1640 [4th Dept 2016], lv denied 29 NY3d 1030 [2017]). At trial, two police officers testified that defendant "pull[ed] away" from them after they first apprehended him during a domestic disturbance, and defendant himself testified that he "struggle[d]" with the officers because he was "trying to get away." Inasmuch as the officers were justified in forcibly detaining defendant in order to quickly confirm or dispel their reasonable suspicion of his alleged involvement in the domestic disturbance (see People v McKee, 174 AD3d 1444, 1445 [4th Dept 2019]), the testimony of the officers and defendant himself is legally sufficient to support the jury's finding that defendant "attempt[ed] to prevent a public servant from performing an official function [i.e., investigating the domestic incident] by means of . . . physical . . . interference" (Penal Law § 195.05 [emphasis added]; see Matter of Thomas L., 4 AD3d 295, 295 [1st Dept 2004]; People v Tarver, 188 AD2d 938, 938 [3d Dept 1992], lv denied 81 NY2d 893 [1993]). Moreover, viewing the evidence in light of the elements of obstructing governmental administration in the second degree as charged to the jury, we conclude that the verdict with respect to that crime is not against the weight of the evidence (see Danielson, 9 NY3d at 348-349). Given our determination, we necessarily reject defendant's challenges to the legal sufficiency and weight of the evidence underlying his conviction of resisting arrest inasmuch as those contentions
" depend[] on the success of' " his challenges to his conviction of obstructing governmental administration (People v Simpson, 173 AD3d 1617, 1618 [4th Dept 2019], lv denied — NY3d — [*2][Sept. 5, 2019]; see generally People v Alejandro, 70 NY2d 133, 135 [1987]; People v Graves, 163 AD3d 16, 23 [4th Dept 2018]).
Finally, to the extent that defendant remains subject to the sentence imposed in this case, we conclude that the sentence is not unduly harsh or severe.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court