■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS QUINONES, Appellant.—Judgment of the Supreme Court, Bronx County (Frank Torres, J.), rendered November 5, 1986, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree and sentencing him, as a second felony offender, to concurrent, indeterminate terms of imprisonment of from 7½ to 15 years, 7½ to 15 years, and 3½ to 7 years, respectively, unanimously affirmed.

Police Officer John McCarthy observed defendant, through binoculars for 10 minutes in a Bronx park, engage in five transactions in which he accepted money in exchange for white packets. After each transaction defendant would approach a yellow bag beneath a nearby tree and touch it with his foot. The officer radioed to a patrol car to apprehend defendant and Javier and Jose Mercado, who were seen to accept three white packets in exchange for $30. Javier Mercado had three white packets of heroin in his possession when he was arrested. A loaded pistol was found in the yellow bag. Officer McCarthy, and Javier and Jose Mercado testified with regard to defendant's sale of three packets of heroin.

Defendant argues that it was error to allow Officer McCarthy to testify as to the prior transactions in violation of the *Molineux* rule *(People v Molineux,* 168 NY 264). This contention was not preserved for review by timely objection *(People v Qualls,* 55 NY2d 733; *People v Brown,* 161 AD2d 527; CPL 470.05 [2]). If we were to consider the issue, we would find that the evidence of prior sales tended to establish the identity of the defendant *(People v Jones,* 62 AD2d 356, 358) and was relevant to defendant's intent on the drug possession charge *(People v Marin,* 157 AD2d 521, *lv denied* 75 NY2d 968). As the evidence was probative of a relevant and material issue, the trial court properly exercised its discretion in determining that the probative value of the evidence outweighed its potential for prejudice *(People v Alvino,* 71 NY2d 233, 242).

The allegedly improper comments made by the prosecutor in summation were not preserved for review. Even if this claim had been preserved, it would not warrant reversal

*(People v Reddish,* 156 AD2d 195, 196). Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.