■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FRANCO, Appellant.—Judgment unanimously affirmed. Memorandum: Following denial of his motion to suppress, defendant pleaded guilty to criminal possession of a controlled substance in the second degree. His sole argument on appeal is that the court committed reversible error in failing to comply with CPL 710.60 (6), which requires it to "set forth on the record its findings of facts, its conclusions of law and the reason for its determination." The argument is without merit. County Court stated that it "reviewed the search warrant, supporting documents and transcripts in support thereof, and this Court finds that there was sufficient probable cause for the issuance of the search warrant." Although the court's statement was terse (cf., People v Denti, 44 AD2d 44, 47), we find that it was in substantial compliance with the statutory requirement. Moreover, it is evident from the record before us that defendant was not entitled to suppression (see, People v Alfinito, 16 NY2d 181, 186; People v Brady, 16 NY2d 186, 189; People v Gonzalez, 116 AD2d 661, 662; People v Russo, 45 AD2d 1040). County Court properly concluded that the search warrant was issued upon probable cause. The informant's sworn statement was properly considered by the suppression court and need not have been disclosed to defendant (see, People v Peterson, 159 AD2d 983; People v Diaz, 147 AD2d 912, lv denied 73 NY2d 1014; People v Delgado, 134 AD2d 951, lv denied 71 NY2d 895). The issuing Magistrate properly relied upon the sworn statement of the informant who was present when the warrant was issued and this statement was sufficient to establish probable cause (see, People v Sullivan, 56 NY2d 378, 384; People v Bartolomeo, 53 NY2d 225, 233-234; People v Taylor, 140 AD2d 964, revd on other grounds 73 NY2d 683). (Appeal from judgment of Oneida

County Court, Murad, J.—criminal possession of controlled substance, second degree.) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.