■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAOUL PETERSON, Appellant.—Appeal by defendant from a judgment of the County Court, Dutchess County (King, J.), rendered September 28, 1989, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

While driving in an unmarked police car at approximately 11:53 A.M. on December 20, 1988, Police Officers Delameter and Geslain of the Beacon Police Department responded to a radio transmission reporting a bank alarm at a nearby branch of the Fishkill National Bank located on Main Street. At the time of the radio transmission, their car was about two blocks away from the bank. They could see the defendant standing on the northeast corner of Main and Willow near the entrance to the bank, looking up and down the street.

As they came closer to the bank, the police officers saw two other men exit the front door. One was carrying a brown "gym" bag while the other was wrapping something around the door handles. The man carrying the bag walked alongside the defendant, and the two then got into a nearby parked car;

the defendant on the driver's side, and the other man on the passenger's side. The third man disappeared from view.

The police officers drove their car behind the parked car and activated their flashing red lights. They approached the car with their guns drawn and directed both of the men inside of the car to put their hands on their heads. From this vantage point, they observed the brown gym bag which was open, and in plain view, between the legs of the man who was in the passenger's seat. They observed bundles of money with bands around them in the bag.

Both men were then directed to exit the car, placed under arrest, and "patted down". The police recovered a folding knife and a loaded revolver from the man who had been carrying the bag. After the two men were secured in the police car, the parked car was searched. Two more firearms were found in the passenger compartment, one under the driver's seat, and the second in a brown cellophane bag on the floor behind the driver's seat. Additional physical evidence was found in the trunk, which the police opened with the ignition key. The defendant contends that the police were not justified in searching the car, and that suppression of the physical evidence is therefore warranted. We disagree.

Based on the information provided in the radio communication and their own personal observations, the police clearly had probable cause to arrest both the defendant and the other man who occupied the car. These same circumstances, in addition to the fact that weapons were found during the pat-down, gave the police probable cause to believe that other weapons would be discovered in the car, and justified the contemporaneous search pursuant to the automobile exception to the search warrant requirement (see, People v Blasich, 73 NY2d 673; People v Belton, 55 NY2d 49). Where, as here, probable cause justified the search of a lawfully stopped car, it justified the search of every part of the vehicle and its contents that might conceal the object of the search, including closed containers in the passenger compartment and the trunk (see, United States v Ross, 456 US 798; People v Ellis, 62 NY2d 393; People v Langen, 60 NY2d 170, cert denied 465 US 1028; People v Brown, 116 AD2d 727). Accordingly, the trial court properly denied the defendant's suppression motion. Bracken, J. P., Eiber, Balletta and Ritter, JJ., concur.