■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONEL QUEZADA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered September 19, 1989, convicting him of criminal possession of a controlled substance in the third degree, and reckless endangerment in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and oral statements.

Ordered that the judgment is affirmed.

The defendant's contention that the police lacked probable cause to arrest him and that, as a result, the physical evidence recovered during the search of his person and his oral statements should be suppressed, is without merit. The arresting officer testified that he observed the defendant drive through two red lights and two stop signs, swerve back and forth between traffic lanes, and knock over some parking signs. In addition, the officer chased the defendant through residential neighborhoods at speeds of up to 70 miles per hour before the pursuit came to an end when the defendant collided with another police vehicle. The defendant's conduct gave the officer probable cause to arrest him for reckless endangerment in the second degree *(see, People v Gittens,* 110 AD2d 908; *People v Simpson,* 99 AD2d 555). Moreover, the officer's observations of the defendant when he was removed from his car also provided probable cause to arrest him for driving while intoxicated *(see, People v Bratcher,* 165 AD2d 906; *People v Troche,* 162 AD2d 483).

The subsequent search and recovery from the defendant's person of a quantity of cocaine was incident to the lawful arrest *(see, People v Troiano,* 35 NY2d 476, 478; *People v Terrero,* 139 AD2d 830). Furthermore, even though the defen-

dant had not yet been read his *Miranda* rights, his oral statements to the effect that he had had a few beers and that he had spent his whole paycheck on the drugs were spontaneous and voluntary and not the result of police interrogation or its functional equivalent *(see, People v Rivers,* 56 NY2d 476; *People v Wade,* 143 AD2d 703; *People v Fiorello,* 140 AD2d 708).

We note that the hearing court's oral decision denying suppression, although brief, complied with CPL 710.60 (6) *(see, People v Franco,* 167 AD2d 957).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.