■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JEFF TERRY, Appellant

Evidence adduced at trial was that a police officer assigned
to an observation post observed defendant sell two vials of
crack cocaine to an apprehended purchaser.

Based upon defense counsel's representation that defendant
would offer a defense of a mistaken identity, the trial court
granted the People's application to allow testimony that prior
to the instant sale, the officer observed defendant's street
activity for a period of approximately one hour. The officer
observed defendant clearly, in profile and full face, when
defendant was first approached by an unidentified woman and
later by an unidentified man. After a brief conversation with
each person, defendant crossed the street, only to return and
again briefly converse with each of them. This limited testi-
mony was properly admitted as it did not contain any refer-
ence to criminal activity, and was material and relevant to
the disputed issue of identification (see, e.g., People v Torres,
170 AD2d 316, lv denied 78 NY2d 958).

Defendant's subsequent testimony on direct examination
that he did not engage in any sale of drugs permitted cross-
examination, for impeachment purposes, as to whether he had
sold drugs to the man and woman who had approached him
on the street prior to the instant sale (see, e.g., People v
Crandall, 67 NY2d 111). Upon defendant's denial the matter
was not further pursued.

Viewing the evidence in a light most favorable to the

prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of criminal sale of a controlled substance in the third degree. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). The issues raised by defendant concerning the credibility of prosecution witnesses, including those that arose from testimony concerning the color of defendant's coat and the prosecution's failure to preserve or photograph the coat, were properly placed before the jury, and, after considering the relative force of the conflicting testimony and the competing inferences which may be drawn therefrom, we find no reason on the record before us to disturb its determination. Concur—Ellerin, J. P., Kupferman, Ross and Smith, JJ.