■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER RIVERA, Appellant.—Judgment of the Supreme Court, New York County (Paul Bookson, J.), rendered March 6, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a predicate felony offender, to an indeterminate term of imprisonment of from 6 to 12 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant was arrested after a police surveillance team observed him make several exchanges of glassine envelopes for cash. On occasion, defendant was observed to retrieve a brown paper bag which was secreted, alternatively, in leaves or in a garbage can within 10 feet of his location. One of the purchasers was arrested in his car moments after a sale, and two glassine envelopes containing heroin were recovered. A backup team then arrested defendant. The brown bag was not recovered, and no drugs were found in defendant's possession. At trial, the People introduced evidence of the prior un-

charged sales. Defendant's case is predicated on a theory of misidentification.

Evidence of the uncharged drug sales is relevant to establish identity *(People v Terry,* 179 AD2d 351, *lv denied* 79 NY2d 1008) and modus operandi *(People v Ortiz,* 156 AD2d 77, 80, *lv denied* 76 NY2d 793) with respect to the bag *(see also, People v Quinones,* 166 AD2d 330, *lv denied* 77 NY2d 881). It is also admissible to provide a narrative explanation of why defendant was targeted by the police *(People v Hernandez,* 139 AD2d 472, 477, *lv denied* 72 NY2d 957) in rebuttal to defendant's theory that the wrong person was arrested *(People v Carter,* 77 NY2d 95, 107, *cert denied* — US —, 111 S Ct 1599).

However, in the course of delivering a supplemental instruction to the jury that the charge against defendant is limited to a single transaction, the court stated, in regard to the evidence of other transactions engaged in by defendant, "you may consider it as it characterizes *[sic]* or of the inferences that you may wish to draw from that activity." As the Court of Appeals observed, "The rule excluding evidence of uncharged crimes is based upon the human tendency more readily 'to believe in the guilt of an accused person when it is known or suspected that he has previously committed a similar crime' " *(People v Ventimiglia,* 52 NY2d 350, 359, quoting *People v Molineux,* 168 NY 264, 313), and this instruction, given in response to the jurors' request for clarification regarding the purpose of the evidence of other drug sales, permitted the jurors to draw the inference that defendant has a propensity to sell drugs *(People v Alvino,* 71 NY2d 233, 241). Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.