■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO CRUZ, Appellant. [621 NYS2d 50] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered January 11, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 2 to 6 years, unanimously affirmed.

The undercover's testimony, credited by the fact finder *(People v Malizia,* 62 NY2d 755, 757), that defendant took the buy money from his accomplice, was told to get "one", disappeared briefly to the back of the store and returned with a glassine of heroin was legally sufficient to establish defendant's participation in the drug sale. That no drugs or buy money were recovered from defendant or his accomplice does not show that the verdict was against the weight of the evidence, there being a reasonable explanation for the failure to recover those items in the undercover officer's testimony that defendant went to a back area of the store before returning with the glassine, indicating that neither defendant nor his accommplice was physically holding the drugs, and that

defendant was no longer holding the buy money when he returned to the counter. While no drugs or buy money were recovered from the premises either, the arresting officers did not search the back area of the store, which was described as "filthy" and filled with "garbage", and, as the People note, the jury was entitled to accept their argument that the buy money had been placed somewhere in that unsearched back area.

In view of defense counsel's repeated suggestions during cross-examination that the particular store in which defendant was arrested was a known drug location that the police wanted to close down, the People were entitled to offer the undercover officer's rebuttal testimony in order to complete the narrative, i.e., to introduce the undercover's contention that he entered the store not pursuant to some police program to close it down but only in order to follow two persons who had been overheard by his partner saying that they planned to buy drugs there (People v Rivera, 186 AD2d 504, 505; see, People v Alvino, 71 NY2d 233, 248). Also, in view of defendant's testimony that a third person, who closely resembled defendant and who was drinking beer in the store, "incredibl[y]" left the store only five minutes before the arresting officers arrived, suggesting that there was "confusion" on the part of the police as to who had been in the store when the undercover entered, the rebuttal testimony was properly admitted as well to show that the undercover had seen defendant, not a look-alike, selling drugs to the other two individuals (People v Rivera, supra).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Rubin and Williams, JJ.