■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KURT BRITZ, Appellant. [658 NYS2d 335] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered July 11, 1995, convicting him of crim-

inal possession of a weapon in the third degree, criminal possession of stolen property in the fourth degree, unauthorized use of a motor vehicle in the second degree, and criminally possessing a hypodermic instrument, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the evidence recovered from the vehicle that he was operating should have been suppressed on the basis that the police stop of the vehicle was a pretext. The officers properly stopped the defendant's vehicle upon observing him drive through a red light *(see, People v Ellis,* 62 NY2d 393; *People v Batista,* 88 NY2d 650; *People v Ardila,* 159 AD2d 710). Furthermore, in response to the police lights and siren, the defendant drove through another red light and traveled at an excessive rate of speed over snow-covered roads before crashing. Once stopped, he refused to exit the car as directed by the officers, and struggled with them before being handcuffed. In addition, the steering column of the vehicle had been broken into, exposing the mechanism of the car. Under these circumstances, the officers not only had probable cause to arrest the defendant but also to search the vehicle, including the bag on the front passenger seat *(see, People v Yancy,* 86 NY2d 239, 245; *People v Quezada,* 177 AD2d 660; *People v Peterson,* 173 AD2d 574). Mangano, P. J., Rosenblatt, Santucci and Joy, JJ., concur.