■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS LOPEZ, Appellant. [709 NYS2d 17] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered February 4, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 9 to 18 years, unanimously modified, as an exercise of discretion in the interest of justice, to the extent of reducing the sentence to a term of 6 to 12 years and, except as so modified, affirmed.

Defendant was convicted of the sale of crack cocaine to one Troy Harvey, who was apprehended together with defendant at approximately 2:30 A.M. on the morning of July 4, 1997. Before jury selection, the People announced their intention to elicit testimony from a police officer that, shortly before the drug transaction with Harvey, defendant was seen exchanging "a small object" for currency with an unknown third person. Supreme Court conducted a *Ventimiglia* hearing (*People v Ventimiglia*, 52 NY2d 350), at which defense counsel stated his objection to this line of inquiry as "too prejudicial to be permitted." Counsel argued that the alleged "transaction constitutes an un-charged crime, which the People should not be permitted under any theory."

The prosecutor contended that testimony regarding the earlier transaction was relevant to show why defendant had attracted the attention of the officer, who was observing defendant from a nearby rooftop, and to explain why currency was recovered from various locations about defendant's person. The following colloquy ensued:

"THE COURT: I think that's reasonable.

"You're not going to argue it inferentially indicates that he was selling?

"[THE PROSECUTOR:] Oh, no."

At trial, the police officer testified that, from the rooftop, she had "observed a male [H]ispanic walk over to the defendant * * * give the defendant money, U. S. currency, and then I observed the defendant give the male [H]ispanic a small object." Following defense objection, the prosecutor asked did she know the identity of "the person who actually made the purchase, do you know that?" The court interjected immediately that "there's no purchase here, please. She testified to an exchange of something."

Upon summation, the prosecutor explained that defendant was not arrested at the time of the initial exchange with the unidentified "male [H]ispanic" because the arrest team was not yet in position. The prosecutor then told the jurors:

"She didn't rush down and try to grab Mr. Lopez.

"You know what? If you got away with that one, okay. We're not going to do it right if I run and grab you and I don't get the person that you sold to because I can't prove what you sold.

"So, she stays. She waits. Her team moves into position."

Defense counsel made no objection to these remarks. The theory espoused by way of defense was that the officer observing the nighttime transaction through 12-power binoculars lacked a sufficient view of defendant to make a positive identification. Defendant did not take the stand.

With regard to the initial, uncharged transaction, the court instructed the jury:

"The accused isn't charged with that exchange. And the only reason that has been mentioned was because it explains why [the officer's] attention was drawn to the defendant. In other words, it helps explain her state of mind.

"You are not to consider any prior exchanges as indicative or as pointing in any way to the defendant's guilt."

The facts of this matter do not differ materially from those of *People v Rivera* (186 AD2d 504), in which the defendant was observed making a series of sales of glassine envelopes, which he had secreted in a brown paper bag near his location. The paper bag was not recovered, and the defendant was not found to be carrying any narcotics on his person. Similarly, the defense raised an issue regarding identification. We stated (at 505): "Evidence of the uncharged drug sales is relevant to establish identity (*People v Terry*, 179 AD2d 351, *lv denied* 79 NY2d 1008) and modus operandi (*People v Ortiz*, 156 AD2d 77, 80, *lv denied* 76 NY2d 793) with respect to the bag (*see also*, *People v Quinones*, 166 AD2d 330, *lv denied* 77 NY2d 881). It is also admissible to provide a narrative explanation of why defendant was targeted by the police (*People v Hernandez*, 139 AD2d 472, 477, *lv denied* 72 NY2d 957) in rebuttal to defendant's theory that the wrong person was arrested (*People v Carter*, 77 NY2d 95, 107, *cert denied* [499 US 967], 111 S Ct 1599)." To be avoided is "the inference that defendant has a propensity to sell drugs" (*supra*, at 505; citing *People v Alvino*, 71 NY2d 233, 241).

Despite his earlier assurances to the court and the court's admonishment that the previous exchange was not to be regarded as a sale, the prosecutor took advantage of more than one opportunity to characterize it as such. However, unlike the *Rivera* (*supra*) court, the Trial Justice was scrupulous in instructing the jury that defendant was charged with a single

drug transaction and that the previous exchange merely provided the explanation of why defendant was under surveillance (*see, People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800).

We find the evidence against defendant to be overwhelming. Defendant was under observation for some thirty minutes prior to his arrest and was seen handing Troy Harvey a small item in exchange for currency. Harvey was under constant observation from the time of the purchase until his apprehension, at which time he dropped a plastic bag containing the cocaine. While no contraband was found on defendant, currency was recovered from his pockets, wallet and both hands. Therefore, while the prosecutor clearly reneged upon his assurance not to imply that the earlier exchange indicated defendant was engaged in drug sales and deviated from his obligation, as an officer of the court, to "refrain from summing up in a manner that denies the defendant his right to a fair trial" (*People v Schaaff*, 71 AD2d 630, 631), we conclude that any prejudice was obviated by the court's curative instruction. However, in view of defendant's record, indicating the sale of narcotics to support a drug habit, we regard the sentence imposed to be unduly harsh and modify accordingly. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Rubin, JJ.