◼ The People of the State of New York, Respondent, v Richard Graves, Appellant. [748 NYS2d 482] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered January 12, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence warrants the conclusion that the drugs recovered from the buyer were sold to him by defendant during the transaction that had been witnessed by the observing officer shortly before the buyer's apprehension.

The court properly allowed evidence that immediately after the charged sale defendant engaged in an uncharged transaction with an unapprehended person. This evidence was part of the officer's narrative, explaining what he was able to observe during the time in question, and it also explained why the police did not arrest defendant immediately after the apprehension of the buyer in the charged sale (*see People v Lopez*, 272 AD2d 109, *lv denied* 95 NY2d 936; *People v Richardson*, 260 AD2d 292, *lv denied* 93 NY2d 977). The contemporaneous transaction carried little or no suggestion of criminal propensity (*see People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800), and any possible prejudice was prevented by the court's limiting instruction.

The court properly exercised its discretion in permitting brief testimony as to methods used by drug dealers to hide drugs and money. This evidence assisted the jury in understanding why defendant had no drugs, and only a small amount of money in his possession when arrested (*see People v Kelsey*, 194 AD2d 248). Contrary to defendant's argument, there was nothing speculative about this testimony.

The court properly denied defendant's motion for a mistrial based on the People's inability to produce a police tactical plan. Even assuming that this document constituted *Rosario* material (*People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866), the court's adverse inference charge was more than enough to prevent any prejudice. In any event, since defendant has not shown a reasonable possibility that any nondisclosure materially contributed to the result of the trial, there is no basis for reversal (CPL 240.75).

The court responded meaningfully to the jury's request for a readback of very specific testimony, since the court provided the precise testimony requested and was not required to go beyond the jury's request (*see People v Almodovar*, 62 NY2d 126, 131-132). Concur—Williams, P.J., Buckley, Sullivan and Lerner, JJ.