■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HIGH, Appellant. [795 NYS2d 701]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 6, 2003, convicting him of criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, criminal mischief in the third degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the police officer who arrested him did not have probable cause. This issue is unpreserved for appellate review, since the particular argument presently raised was not raised in the Supreme Court. In any event, the evidence elicited at the suppression hearing established that the arresting officer had probable cause (*see People v Britz,* 239 AD2d 428 [1997]; *People v Whiten,* 156 AD2d 606 [1989]).

The Supreme Court correctly denied the defendant's challenge for cause to a prospective juror who questioned his own ability to evaluate the evidence without hearing testimony from the defendant, as the prospective juror sufficiently established that he could follow the law as set forth by the Supreme Court (*see People v Mack*, 14 AD3d 624 [2005], *lv denied* 4 NY3d 833 [2005]; *People v Herring*, 14 AD3d 623 [2005], *lv denied* 4 NY3d 831 [2005]).

The defendant also contends that evidence of a prior conviction was improperly allowed at trial because it was highly prejudicial. We disagree. The Supreme Court properly permitted evidence of a prior conviction as it was highly probative of the defendant's knowledge that the van at issue was stolen (*see People v Marrin*, 205 NY 275, 281-282 [1912]; *People v Spitaleri*, 231 AD2d 593 [1996]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Prudenti, P.J., Adams, Rivera and Fisher, JJ., concur.