■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WILLIAMS, Appellant. [798 NYS2d 3]—

Judgment, Supreme Court, New York County (James A. Yates, J., at original hearing; Marcy L. Kahn, J., at jury trial, reopened hearing and sentence), rendered August 30, 2002, convicting defendant of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a weapon in the fourth degree, and criminally using drug paraphernalia in the second degree (two counts), and sentencing him to an aggregate term of 3 to 9 years, unanimously affirmed.

At trial, the People chose not to call a detective who had testified before the grand jury and at the original suppression hearing, but who was suspected of having given false testimony in an unrelated drug case; instead, they relied on other witnesses. Defendant, who called this detective as his own witness, contends that he should have been permitted to ask the detective about his suspected perjury in the other case because this allegedly gave the other police witnesses a motive to support the detective's story in the instant case. However, we conclude that the trial court providently exercised its discretion in excluding this evidence on the ground that it was excessively remote and speculative (*see e.g. People v Thomas*, 46 NY2d 100, 105 [1978], *appeal dismissed* 444 US 891 [1979]; *People v Moolenaar*, 300 AD2d 214 [2002]).

Even assuming that the trial court improvidently exercised its discretion when, after ruling that the People violated *Brady v Maryland* (373 US 83 [1963]) in connection with their delayed disclosure of the perjury investigation involving the detective who testified at the original suppression hearing, it permitted the People to call a new witness at the reopened hearing (*see People v Havelka*, 45 NY2d 636 [1978]), we find no basis for reversal (*cf. People v Banch*, 80 NY2d 610, 619 [1992]). Even if the People had not been permitted to call a new witness at the reopened hearing, defendant would not have prevailed (*see generally id.*). At the original hearing, the detective provided sufficient credible testimony to establish probable cause.

The trial court properly denied defendant's motion to dismiss

the indictment. The detective's grand jury testimony was only established to be false or exaggerated with respect to a minor detail not critical to the People's case. The indictment did not rest on false testimony, and there was no impairment of the integrity of the grand jury proceeding (*compare People v Ponnapula*, 266 AD2d 32 [1999], *lv denied* 94 NY2d 951 [2000], *with People v Pelchat*, 62 NY2d 97 [1984]).

The court properly denied defendant's CPL 330.30 (3) motion to set aside the verdict on the ground of newly discovered evidence. After the trial and the reopened hearing, a sergeant who testified at those proceedings tested positive for marijuana. This newly discovered evidence does not entitle defendant to a new trial because it was merely impeaching, would not have changed the outcome of the trial, and was not material to defendant's defense that the police planted evidence on his person and in his apartment (*see e.g. People v Salemi*, 309 NY 208 [1955], *cert denied* 350 US 950 [1956]; *People v Reyes*, 255 AD2d 261 [1998], *lv denied* 92 NY2d 1053 [1999]).

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Catterson, JJ.