■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE FRAZIER, Appellant. [826 NYS2d 292]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Sullivan, J.), rendered May 12, 2005, convicting him of robbery in the first degree (two counts), criminal use of a firearm in the first degree (two counts), and criminal possession of a weapon in the third degree (three counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence presented at the suppression hearing was sufficient to establish that the arresting police officer observed him driving his vehicle at night without headlights, exceeding the posted speed limit, and failing to stop at two stop signs. Thus, the officer acted lawfully in attempting to stop the defendant's vehicle (*see Whren v United States,* 517 US 806, 810 [1996]; *People v Robinson,* 97 NY2d 341, 349 [2001]; *People v Gonzalez,* 25 AD3d 620 [2006]; *People v Lamanda,* 205 AD2d 934 [1994]; *People v Frank,* 161 AD2d 794 [1990]). The officer acquired probable cause to arrest the defendant by virtue of the defendant's reckless conduct in fleeing when the officer attempted to pull him over, including driving into oncoming traffic on an icy roadway at a high rate of speed (*see People v Britz,* 239 AD2d 428 [1997]; *People v Quezada,* 177 AD2d 660 [1991]). After the defendant lost control of his vehicle and crashed into a telephone pole, the robbery victim promptly arrived at the scene and identified the defendant as the perpetrator, thus providing the police with additional probable cause for an arrest. The defendant's arrest, in turn, justified a warrantless search of his vehicle (*see People v Yancy,* 86 NY2d 239, 245 [1995]; *People v Belton,* 55 NY2d 49, 54-55 [1982]), and once lawfully inside the vehicle, the police officers were authorized to seize the gun and robbery proceeds that were in plain view on the front seat and on the floor (*see People v McEniry,* 240 AD2d 681 [1997]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Mastro, Fisher and Lunn, JJ., concur.