■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SINGLETARY, Appellant. [64 NYS3d 908]—Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Kelly, J.), rendered May 4, 2016, convicting him of criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress physical evidence. A vehicle may be searched without a warrant pursuant to the "automobile exception" if law enforcement officials have probable cause to believe that the vehicle "contains contraband, evidence of [a] crime, a weapon or some means of escape" (*People v Blasich*, 73 NY2d 673, 678 [1989]; *see People v Galak*, 81 NY2d 463, 467 [1993]). Here, the officers had probable cause to search the defendant's vehicle without a warrant because, upon making a valid traffic stop (*see* Vehicle and Traffic Law § 1163 [d]), the officers smelled what they identified, with the aid of experience and training, as a strong odor of marijuana emanating from inside the vehicle (*see United States v Ross*, 456 US 798, 825 [1982]; *People v Chestnut*, 36 NY2d 971, 973 [1975]; *People v McCaw*, 137 AD3d 813, 815 [2016]; *People v Hurtado*, 113 AD3d 411 [2014]; *People v Hughes*, 68 AD3d 894, 895 [2009]; *People v Parris*, 26 AD3d 393, 394 [2006]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.