People v Alexander (2018 NY Slip Op 03137)





People v Alexander


2018 NY Slip Op 03137


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2014-09880
 (Ind. No. 954/13)

[*1]The People of the State of New York, respondent,
v
Ainsley Alexander, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Matthew Luongo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered June 5, 2014, convicting him of criminal possession of a weapon in the second degree (two counts) and operating a motor vehicle without a license, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, raised in his pro se supplemental brief, the Supreme Court properly denied that branch of his omnibus motion which was to suppress a handgun. An arresting officer testified that he observed the defendant's vehicle speeding and swerving into oncoming traffic. Thus, the police officers acted lawfully in attempting to stop the defendant's vehicle when they activated their lights and sirens (see People v Frazier, 33 AD3d 934, 935). However, rather than stopping, the defendant continued to drive at a high rate of speed and continued through a red light. Thus, the officers had probable cause to arrest the defendant once he came to a stop after crashing into a parked vehicle (see id. at 935). After having lawfully stopped and arrested the defendant, a police officer looked into the defendant's vehicle through the open driver's door and saw a silver handgun on the floor under the steering wheel. Thus, the police were authorized to seize the handgun because it was in plain view (see id.; People v Diaz, 194 AD2d 688).
The defendant's challenges to the legal sufficiency of the evidence are unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 71 AD3d 795). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of both counts of criminal possession of a weapon in the second degree (see Penal Law § 265.03[1][b]; [3]; People v Galindo, 23 NY3d 719, 722-724). Contrary to the defendant's contention, the People presented evidence disproving, beyond a reasonable doubt, the defense of temporary and lawful possession of a weapon (see People v Galindo, 23 NY3d 719; People v Hawkins, 258 AD2d 472). The People also were entitled to rely on the statutory presumption that the possession of a weapon [*2]is presumptive evidence of intent to use the same against another person (see Penal Law § 265.15[4]; People v Galindo, 23 NY3d at 722).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to both counts of criminal possession of a weapon in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court