People v Harris (2018 NY Slip Op 05489)





People v Harris


2018 NY Slip Op 05489


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2011-01515
 (Ind. No. 2413/09)

[*1]The People of the State of New York, respondent,
v
Kenneth Harris, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), rendered January 24, 2011, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, and unlawful possession of marijuana, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (James F. X. Doyle, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements to law enforcement officials.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress physical evidence. A vehicle may be searched without a warrant, inter alia, if there is probable cause to believe that the vehicle contains evidence of the offense for which the defendant is being arrested (see Davis v United States, 564 US 229, 235; Arizona v Gant, 556 US 332, 351; People v Blasich, 73 NY2d 673, 678; People v Singletary, 156 AD3d 731; People v Washington, 108 AD3d 578, 579). Here, there was probable cause to search the defendant's vehicle without a warrant because, upon making a valid traffic stop, a police officer smelled what he identified, with the aid of experience and training, as a strong odor of marijuana emanating from inside the vehicle, and also saw, in plain view, a device used for grinding marijuana, which contained what appeared to be marijuana residue (see People v Singletary, 156 AD3d at 731; People v McCaw, 137 AD3d 813, 815; People v Hughes, 68 AD3d 894, 895).
Contrary to the defendant's contention, the statements he made to law enforcement officials at the precinct station house were not subject to suppression, as the record demonstrated that he was properly administered Miranda warnings and, thereafter, knowingly, voluntarily, and intelligently waived his Miranda rights (see generally Miranda v Arizona, 384 US 436, 444; People v Williams, 62 NY2d 285, 288-290; People v Dunbar, 104 AD3d 198, 206).
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court