People v Burgos (2021 NY Slip Op 05351)





People v Burgos


2021 NY Slip Op 05351


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2015-09942
 (Ind. No. 2467/12)

[*1]The People of the State of New York, respondent,
v
Luis Burgos, appellant.


Leon H. Tracy, Jericho, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Matthew C. Harnisch of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered September 11, 2015, convicting him of robbery in the second degree (three counts), and robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Steven W. Paynter, J.), after a hearing (Thomas Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
The hearing court properly determined that the defendant was lawfully arrested upon probable cause. The police officer possessed probable cause to stop the defendant's car because she observed him commit a traffic infraction by rolling through a stop sign (see People v Wright, 98 NY2d 657; People v Robinson, 97 NY2d 341; People v Graham, 54 AD3d 1056, 1057, 1058). The officer had a right to request the defendant's driver license, registration, and insurance card (see People v Robinson, 97 NY2d at 351; People v DeBour, 40 NY2d 210; People v Graham, 54 AD3d at 1058; Vehicle and Traffic Law §§ 312[1][b]; 319[3]; 401[4]; 507[2]). When the defendant opened his glove compartment to retrieve the items requested, the officer was able to see a can of pepper spray in the glove compartment. The officer also noticed that the defendant's car matched the make, color, and partial license plate number of a car that was reportedly involved in robberies in the same area the previous evening in which one of the robbery victims was pepper sprayed in the eyes. Those observations established probable cause for the officer to arrest the defendant for criminal possession of a weapon in the fourth degree (Penal Law § 265.01[2]; see People v Mojica, 171 AD2d 698; People v Jenkins, 133 AD2d 348, 349). Furthermore, the court properly denied that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials. As the officer possessed probable cause to arrest the defendant, his subsequent statement cannot be deemed "the fruit of the poisonous tree" (Wong Sun v United States, 371 US 471, 488) subject to the exclusionary rule. Moreover, the statement was voluntarily made after the defendant knowingly, voluntarily, and intelligently waived his Miranda rights (Miranda v Arizona, 384 US 436; see People v O'Brien, 186 AD3d 1406, 1407; People v Figueroa, 6 AD3d 720, 722; People v Dayton, 66 AD3d 797, 798).
The defendant only partially preserved for appellate review his challenge to the legal sufficiency of the evidence supporting his convictions (see CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court