People v Williams (2022 NY Slip Op 05099)

People v Williams

2022 NY Slip Op 05099

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-03802
 (Ind. No. 2454/16)

[*1]The People of the State of New York, respondent,
v
Jahaad Williams, appellant.

Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Marina Arshakyan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered March 4, 2019, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, unlawful possession of marihuana, operating a motor vehicle with a tinted window, failing to give a required signal, and standing or parking a vehicle in a bus stop, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Charles S. Lopresto, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the appeal from so much of the judgment as convicted the defendant of unlawful possession of marihuana is dismissed as academic; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed.
"The defendant's conviction of unlawful possession of marihuana became a nullity by operation of law, independently of any appeal, and without requiring any action by this court, pursuant to CPL 160.50(5) (as added by L 2019, ch 131 [eff Aug. 28, 2019])" (People v Hay, 207 AD3d 748, __, 2022 NY Slip Op 04737, *1 [2d Dept] [internal quotation marks and brackets omitted]). "Consequently, the appeal from so much of the judgment as convicted the defendant of unlawful possession of marihuana must be dismissed as academic" (207 AD3d at __, 2022 NY Slip Op 04737, *2).
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence recovered from the defendant's vehicle. A vehicle may be searched without a warrant, inter alia, if there is probable cause to believe that the vehicle contains evidence of the offense for which the defendant is being arrested (see Davis v United States, 564 US 229; Arizona v Gant, 556 US 332; People v Blasich, 73 NY2d 673; People v Singletary, 156 AD3d 731; People v Washington, 108 AD3d 578). Here, a police officer possessed probable cause to stop the defendant's vehicle because he observed the defendant commit a traffic infraction by pulling into a bus stop lane without signaling (see People v Wright, 98 NY2d 657; People v Robinson, 97 NY2d 341; People v Burgos, 198 AD3d 672; People v Graham, 54 AD3d 1056; People v Guzman, 153 AD2d 320). Upon approaching the defendant's vehicle, the officer asked the defendant to roll down [*2]the windows. When the windows were rolled down, the officer smelled a strong odor of marijuana coming from inside the vehicle and, upon looking into the window, observed what looked like loose marijuana and two glassine envelopes of heroin on the rear floor of the vehicle. The officer was justified in seizing the loose marijuana and the glassine envelopes of heroin, as they were in plain view (see People v Alexander, 161 AD3d 762; People v Frazier, 33 AD3d 934; People v Diaz, 194 AD2d 688). Furthermore, the odor of marijuana coming from the vehicle together with the officer's observations were sufficient to constitute probable cause to search the vehicle and its occupants (see People v Garcia, 175 AD3d 1319; People v Singletary, 156 AD3d 731; People v Singleton, 139 AD3d 208; People v McCaw, 137 AD3d 813). Thus, the officer rightfully opened the glove box and seized the gun found therein (see People v Alexander, 161 AD3d 762; People v Frazier, 33 AD3d 934; People v Diaz, 194 AD2d 688).
The defendant failed to preserve for appellate review his challenge to the chain of custody of the gun and ammunition recovered by the police from the glove box (see CPL 470.05[2]). In any event, the officers' testimony at trial regarding the transporting of the defendant's vehicle to the precinct station, the securing and vouchering of the gun and ammunition in a safe, and the transferring of the gun and ammunition to the ballistics lab was sufficient to establish that there was no break in the chain of custody as to the gun or ammunition (see People v Julian, 41 NY2d 340; People v Williams, 5 AD3d 705; People v Rodriguez, 238 AD2d 447; People v Donovan, 141 AD2d 835).
Contrary to the defendant's contention, the prosecutor's questions to him on cross-examination properly addressed his direct testimony and inferences drawn therefrom (see People v Crandall, 67 NY2d 111, 117; People v Terry, 179 AD2d 351).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in refusing to grant him a one-week adjournment to secure the attendance of defense witnesses, because the defendant failed to establish that the witnesses would be available to testify even at a later date or that they would have relevant testimony (see People v Becoats, 71 AD3d 1578, affd 17 NY3d 643; People v Jackson, 41 AD3d 498).
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting his conviction of criminal possession of a weapon in the second degree (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Because the defendant did not object to the Supreme Court's initial approach to the handling of a note from a juror, his contention that the court did not meaningfully respond to the note is unpreserved for appellate review (see CPL 470.05[2]; People v Smith, 255 AD2d 404; People v Davis, 223 AD2d 376). In any event, the defendant was afforded a meaningful opportunity to suggest a response, and the court responded appropriately (cf. People v O'Rama, 78 NY2d 270). Furthermore, the defendant suffered no discernible prejudice from the court's handling of the note (see People v Battle, 15 AD3d 413, 414; People v Mitchell, 2 AD3d 145; People v Hurtido, 260 AD2d 401; People v Beckham, 174 AD2d 748).
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his motion which was pursuant to CPL 330.30 to set aside the verdict on the ground of newly discovered evidence. After the trial, the assistant district attorney (hereinafter ADA) in this action informed defense counsel that one of the prosecution's witnesses was found to have given false testimony in an unrelated action prosecuted by a different ADA. Even assuming that the [*3]knowledge of the prior ruling in the unrelated action can be imputed to the ADA in this action, the newly discovered evidence did not entitle the defendant to a new trial because the evidence was merely impeaching, would not have changed the outcome of the trial, and was not material to the defendant's defense that one of his passengers put the gun in the glove box (see People v Salemi, 309 NY 208; People v Williams, 19 AD3d 228). Furthermore, the court properly denied that branch of the defendant's motion which was pursuant to CPL 330.30 to set aside the verdict on the ground that the jury was coerced into reaching a verdict. The record establishes that in the course of deliberations, the jury sent two notes indicating that it was having trouble reaching a unanimous vote, but the notes in no way indicated that the jury was deadlocked. The court's supplemental instruction encouraged the jury to continue deliberating, but did not coerce, compel, or put untoward pressure on the jury to reach an agreement (see People v Morgan, 28 NY3d 516; People v Ford, 78 NY2d 878; People v Pagan, 45 NY2d 725). In addition, the court properly denied that branch of the defendant's motion which was pursuant to CPL 330.30 to set aside the verdict on the ground of legal insufficiency because the defendant failed to preserve for appellate review that contention (see CPL 330.30[1]; People v Carter, 63 NY2d 530; People v Josey, 204 AD2d 571), and properly denied that branch of the defendant's motion which was pursuant to CPL 330.30 to set aside the verdict as factually insufficient because such an argument is not cognizable by the court (see CPL 330.30[1]; People v Taylor, 187 AD3d 58).
Contrary, to the defendant's contention, he was not deprived of the effective assistance of counsel. Defense counsel made appropriate pretrial motions (see United States v Wade, 388 US 218; People v Huntley, 15 NY2d 72), made a coherent opening statement, appropriately cross-examined the People's witnesses, presented a coherent defense, and made a cogent closing statement (see People v Arroyo, 128 AD3d 843; People v Jenkins, 103 AD3d 753). Viewing the record in its entirety, the defendant received meaningful representation (see People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137).
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court