19-3445-pr
*Wheeler v. Artola*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-one.

PRESENT: JOHN M. WALKER, JR.,
PIERRE N. LEVAL,
DENNY CHIN,
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DAMON WHEELER,

    *Plaintiff-Appellant,*

    -v-            19-3445-pr

DET. AHMED ARTOLA, P.O. JONATHAN MCHUGH, and L.T. JEFFRY THOELEN,

    *Defendants-Appellees.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:   Damon Wheeler, *pro se*, Danbury, Connecticut.

---

[*]   The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR DEFENDANTS-APPELLEES:     Alex Smith, Corporation Counsel, City of Middletown, Middletown, New York.

Appeal from the United States District Court for the Southern District of New York (Smith, *M.J.*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Damon Wheeler appeals the district court's judgment, entered September 23, 2019, in favor of defendants-appellees Ahmed Artola, Jonathan McHugh, and Jeffry Thoelen (collectively, "defendants") following a bench trial on his claims under 42 U.S.C. § 1983.[1]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's findings of fact after a bench trial for clear error and its conclusions of law *de novo*.  *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 141 (2d Cir. 2016).  "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks omitted).  Given the conflicting

---

[1]     The parties consented to proceed before a magistrate judge.  Prior to the bench trial, the district court granted summary judgment in favor of defendants on some of Wheeler's claims, resulting in the dismissal of several defendants.  Wheeler does not challenge that decision on appeal.  Wheeler also withdrew his claims against Kevin Weymer.  Accordingly, Artola, McHugh, and Thoelen are the only remaining defendants on appeal.

narratives presented at trial, the district court was entitled to make credibility determinations in reaching its decision, and the record contained adequate evidence to sustain its factual conclusions. *See Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012) ("It is within the province of the district court as the trier of fact to decide whose testimony should be credited."). Thus, the district court committed no clear error by crediting defendants' version of events over Wheeler's and, with one exception discussed below, ruling in defendants' favor and holding that Wheeler failed to meet his burden of proving his claims by a preponderance of the evidence. *See Principal Nat'l Life Ins. Co. v. Coassin*, 884 F.3d 130, 138 (2d Cir. 2018). We address Wheeler's additional arguments on appeal as follows.

First, Wheeler argues that he was unlawfully stopped by police while driving. This argument is unavailing, however, because the district court concluded that Wheeler was stopped (and ticketed) for "inadequate lights and an inadequate plate lamp, which are violations of New York's Vehicle and Traffic Law." Dist. Ct. Dkt. 270 at 17; *see also United States v. Harrell*, 268 F.3d 141, 148 (2d Cir. 2001) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." (internal quotation marks omitted)). Wheeler's cell phone video, which begins after he was stopped, does not offer sufficient reason to persuade us that the district court clearly erred in crediting defendants' justification for the stop.

3

Second, Wheeler argues that he was falsely arrested because "there was no obstruction of governmental administration on the part of [Wheeler] at the time of this traffic stop," and he was "placed under arrest immediately after being dragged from his car." Appellant's Br. at 10. A person is guilty of obstruction of governmental administration when he "intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference." N.Y. Penal Law § 195.05. "[I]nappropriate or disruptive conduct at the scene of the performance of an official function" is sufficient to support a charge for obstruction of governmental administration, "even if there is no physical force involved." *Willinger v. City of New Rochelle*, 212 A.D.2d 526, 527 (N.Y. App. Div. 2d Dep't 1995). Because Wheeler refused to follow the officers' orders to leave the car, the officers had probable cause to arrest him for obstruction of governmental administration.

Third, Wheeler argues that police used excessive force in arresting him. "Fourth Amendment jurisprudence has long recognized that the right to make an arrest . . . necessarily carries with it the right to use *some degree* of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (emphasis added). It is also well established, however, that law enforcement officers violate the Fourth Amendment if the amount of force they use is not "objectively reasonable in light of the

4

facts and circumstances confronting them." *Id.* at 397 (internal quotation marks omitted). The application of this standard requires consideration of "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

The district court credited Artola's testimony that he punched Wheeler after Wheeler started closing his car window on Artola's arm. The court did not credit Wheeler's testimony that he was punched in the head while on the ground and handcuffed or that he was assaulted during the strip search. The court found that Wheeler's injuries were "minor," Dist. Ct. Dkt. 270 at 27, and were consistent with the force necessary to remove him from the vehicle. While Artola putting his arm into Wheeler's car may have been ill-advised, the force did not rise to the level of being unconstitutionally excessive. *See Edrei v. Maguire*, 892 F.3d 525, 533-34 (2d Cir. 2018) (factors to consider include "the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether the force was inflicted maliciously or sadistically") (internal quotation marks and alterations omitted). Accordingly, the district court did not clearly err in holding that defendants did not use excessive force.

Fourth, Wheeler alleged that his arrest was in retaliation for filming the police during the traffic stop. While probable cause "should generally defeat a

5

retaliatory arrest claim," a narrow exception exists where, even though officers have probable cause to make arrests, they "typically exercise their discretion not to do so." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019). A plaintiff can take advantage of this exception by presenting "objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* Here, as the district court noted, the officers had probable cause to arrest Wheeler for obstruction of governmental administration, and Wheeler did not submit any evidence that other similarly situated persons had been treated differently. Accordingly, the district court did not clearly err in holding that the arrest was not retaliatory.

Fifth, Wheeler argues that defendants were not justified in searching his vehicle. Under the "automobile" exception, police may conduct a warrantless search of a vehicle if they have probable cause to believe it contains contraband or other evidence of a crime. *United States v. Ross*, 456 U.S. 798, 820-21 (1982). Given that the district court credited Artola's testimony about Wheeler's known history as a drug dealer, Wheeler's delay in pulling his car over, his defiance of Artola's orders in refusing to get out of the car, and his shutting of the window on Artola's arm, it was not unreasonable for defendants to believe that Wheeler had contraband in his car. Accordingly, defendants had probable cause to search the vehicle. *See United States v. Gaskin*, 364 F.3d 438, 457 (2d Cir. 2004) (probable cause in this context "does not demand certainty but only a 'fair

6

probability' that contraband or evidence of a crime will be found" (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983))).

Finally, Wheeler argues that the officers lacked reasonable suspicion or probable cause to conduct a strip and visual cavity search and that it was unauthorized. The district court credited Artola's testimony that he had conducted the search "incident to . . . arrest" on the criminal drug possession charge "as a result of the seizure of apparent contraband from Wheeler's car." Dist. Ct. Dkt. 270 at 28. The district court declined, however, to rule on whether defendants had reasonable suspicion to conduct the strip and visual cavity search, and instead held that defendants were entitled to qualified immunity because the reasonable suspicion required for an officer to conduct a strip or visual cavity search incident to an arrest for a felony drug crime was not settled in 2014, when this search was conducted.

This was error for the law was clearly established in 2014. In *Sloley v. VanBramer*, which we decided in 2019, after the district court's ruling in this case, we held that it was "sufficiently clear" by 2013 (the time of the search in *Sloley* and a year before Wheeler's search) that any visual body cavity search incident to a lawful arrest had to be "supported by a specific, articulable factual basis supporting a reasonable suspicion to believe the arrestee secreted evidence inside a body cavity and must be conducted in a reasonable manner." 945 F.3d 30, 40 (2d Cir. 2019) (internal quotation marks omitted); *see also Hartline v. Gallo*, 546 F.3d 95, 100 (2d Cir. 2008) ("The Fourth

7

Amendment requires an individualized 'reasonable suspicion that [a misdemeanor] arrestee is concealing weapons or other contraband based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest' before [he] may be lawfully subjected to a strip search." (first alteration in original) (quoting *Weber v. Dell*, 804 F.2d 796, 802 (2d Cir. 1986))).

Nonetheless, we affirm, for the record established that Artola had reasonable suspicion to conduct a strip or cavity search. Artola testified that his reasons for the strip search and body cavity search were Wheeler's delay in stopping his vehicle, his possession of crack cocaine in his vehicle, his status as a known drug dealer, and Artola's previous observations of Wheeler selling drugs. Thoelen testified that based on Artola's report (although he did not recall the night of Wheeler's arrest in particular), the strip search complied with the police department's strip search policy and he would have approved the search. The district court credited Artola's testimony, and on these facts, we conclude that Artola had reasonable suspicion to conduct the search. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely."). Based on Artola's proffered reasons for the search, he and, by extension McHugh and Thoelen, were entitled to qualified immunity because reasonable officers in their positions could have concluded that reasonable suspicion existed that Wheeler was concealing contraband, based on the drug crime charged,

8

Wheeler's characteristics, and the circumstances of the arrest. *See Hartline,* 546 F.3d at 100.

We have considered Wheeler's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk